## Case No. 13,766.

### TATUM v. LOFTON et al.

[Brun. Col. Cas. 175;[1] 1 Cooke, 115.]

Circuit Court, D. Tennessee, 1812.

WITNESS—WHEN INCAPACITATED BY INTEREST.

A witness will be compelled to testify, though he be interested, if he voluntarily became interested after he had acquired his knowledge on the subject. But if this interest is created by act of law or of the party who calls him, he cannot be so compelled to testify.

On the trial of this cause the plaintiffs [Tatum's executors] produced one Donnelson for the purpose of proving their beginning corner. Donnelson objected to being sworn upon the ground that he was interested, having purchased a part of the land in controversy from one of the defendants. It appeared that Donnelson was the locator and surveyor of the land claimed by the plaintiffs; and that long after these circumstances he purchased of the defendant Anderson, but before the commencement of this suit. The question was, whether, under these circumstances, he could be compelled to give testimony.

Mr. Haywood, for plaintiffs.

It is a good, general rule of law that no man is bound to give testimony against himself; but it is equally true that where the interest arises, after the witness derives his knowledge upon the subject, by some act of the witness or the person against whom he is called, he will be compelled to give testimony. 1 Peake, Ev. 157; 1 Strange, 652; 3 Term R. 27. It were monstrous indeed, if by any act of the witness or the party against whom he is called, the person who once had a right to coerce the evidence would be deprived of the benefit of it. The true rule is, that if the interest of the witness is occasioned by the act of the person introducing him, or by the act of the law, the witness shall not be compelled to give testimony. If the interest arises from the act of the witness he shall be compelled to swear, and surely the principle will operate with infinitely more force when it is recollected that in this case it arises from the joint act of the witness and the defendant. Why is not the subscribing witness who voluntarily creates an after interest protected? Because, as he once was in such a situation that the party had a right to coerce his evidence, he shall not, by his own act, be permitted to deprive another of his privileges. 1 Strange, 652. So if a person lays a wager that such a one will gain his cause, or if he wagers that a person prosecuted will be convicted, he cannot be allowed to say that he will not give testimony when called upon by those against whom he is interested; because, as his knowledge existed before his interest, it was his own

fault to bring them in contact. Therefore, if there must be a loser, let it be him who has voluntarily become interested against his knowledge. Skin. 586.

Mr. Whiteside, for defendants.

The rule contended for by Mr. Haywood only applies to instrumentary witnesses. As a general principle, none is better established than that a man shall not be compelled to give evidence against himself. The reason for this is that the law will not put a man in a situation where he will have so great an inducement to act dishonestly. It is certainly contrary to every principle of moral justice that any rule should be established by which a temptation would be holden out for the commission of perjury. Swift, 73, 77. There is no question but that the same reasoning does not apply to the case of voluntary evidence; but it should be an extreme case indeed to justify coercion. Kirby, 203.

The case in Strange, upon which Mr. Peake principally establishes his rule, was the case of an instrumentary witness. The subscribing witness to the note had become the defendant's bail, and was therefore interested. Under these circumstances the court said he might be compelled to give testimony. This decision was not made because his interest had accrued after the plaintiff had right to call upon him as a witness, but because he was a witness of a particular description who had been called upon by both parties to become so. The compulsion used resulted from the necessity of the measure, and the particular circumstances of that and similar cases. But I imagine no case can be shown where the knowledge of the witness has arisen in the ordinary and common course of affairs that he has been compelled to give evidence if he has subsequently become interested. It would be monstrous to say that, because I happen to get knowledge of a certain fact I shall thereby be tied up and deprived in effect of making an advantageous bargain. The law never did contemplate the rule contended for should apply to any such case, or to any other except the case of instrumentary witnesses. I admit, if the witness acquires this after interest with a view to defeat the claim of the other, or by the practice of any fraud, he might, perhaps, be compelled to give evidence; but nothing of that kind is pretended here, and indeed the contrary is expressly proven. It would seem, then, that the only cases where a witness thus situated can be compelled to swear are those where he has by some act of his own agreed to become a witness. There is, perhaps, an exception to this rule, where the witness has become interested by making a wager. In that case his conduct is improper, and he shall not be permitted to avail himself of an interest arising in a moral wrong.

In the case cited from 3 Term R. 27, the

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

only perceivable ground upon which the court reversed the judgment below was because it did not appear, but that the witness might have answered some questions without affecting his interest, and because the evidence had been wholly rejected, the decision of the inferior court was ordered to be set aside.

Mr. Haywood, in reply.

It is laid down by Mr. Peake, in his treatise on Evidence (page 157), that, for the purpose of protecting a witness upon the ground of interest, the interest must exist at the time the fact which the witness is called to prove happened, or be thrown upon him afterwards by the operation of law, or the act of the party who requires his testimony. Now, sir, can there be any doubt but that this exception to the general rules of law is founded upon strict moral justice? See, but for a moment, what disastrous consequences would naturally flow from the establishment of the rule as contended for on the other side. A. anticipates a suit against him by B. for a considerable sum of money, which can be proved by C. If the testimony of C. is out of the way, he will have a certain prospect of depriving B. of an honest and bona fide claim. The next question is, how is this to be done? He understands that if C. can be made interested he cannot be compelled to give testimony. With this knowledge on his part he goes to C., who is, perhaps, his friend, and between them an interest is created. Do not the court perceive at once to what monstrous consequences this would lead? Would any man, if he owed a large demand, and the witness or witnesses should be friendly to him, ever be made to pay a cent? For if there should be more than one witness the inducement might be sufficiently great to require the same course to be pursued toward them all. It was, therefore, to prevent such an evil as this that the excellent rule I contend for was established, and not because the witness was an instrumentary one. I will not outrage the understanding of the court by entering into a detail of the consequences of Mr. Whiteside's ideas as applicable to real estates in this country. In many cases where property to an enormous amount is involved, there is but one witness to prove the beginning. Such a doctrine would open a direct and inviting door to fraud, and would, in a short time, overwhelm the country in ruin.

Lord Holt said that where a person hath made himself a party in interest, after the plaintiff or defendant has an interest in his testimony, he shall not by this deprive the plaintiff or defendant of the benefit of his testimony. Skin. 586. And Lord Kenyon, in the case of Bent v. Baker, 3 Term R. 27, expressly sanctions the opinion of Holt, which is also done by the whole court. And Grose, J., in the same case, remarks that a person in whose evidence another has gained an inter-est shall not by his own act deprive the other of the benefit of his testimony. 1 Peake, Ev. Append. p. 25, § 6.

McNAIRY, District Judge. I am perfectly satisfied that the witness should be compelled to give testimony. There can be no reasonable doubt but that the rule, which is the foundation of that compulsion, is supported by the principles of justice. But independent of this consideration, a train of well-settled adjudications has put the question to rest. The books do not recognize any such distinction as is contended for by the gentleman who appears for the defendants. The witness is not coerced to give his testimony because he happens to have agreed to become a witness, but because, as there once was a period when the plaintiff had a right to the benefit of his testimony, the witness shall not be permitted, by his own act, or the act of the party against whom he is called, to deprive him of that right. The rule is, however, different where the interest is occasioned by the act of law, or the party who requires the benefit of the testimony. But where it arises, as before remarked, by the act of the witness, it is a wrong in the witness, of which, from a well-known rule of law, he shall not take advantage. Let him be sworn.