## Cummings *against* Klapp.

A promise to a constable to pay the amount of an execution in his hands can only be enforced by an action in the name of the constable, and not in the name of the plaintiff in the execution.

ERROR to the Common Pleas of *Union* county.

James A. Cummings against John Klapp. This case came into court by appeal from the judgment of a justice. Cummings, the plaintiff, obtained a judgment before a justice against Henry Charles for $72.21, upon which he issued an execution directed " to the constable of Mifflinburg," which was placed in the hand of constable Haus. While the execution was in his hands, the following endorsement, signed by Klapp, the defendant, was made upon it: " I go bail to the constable for the debt and costs of the within execution, to be paid within three months after date. 17th March 1837." The plaintiff offered this evidence, and also to prove a parol promise of the defendant made to the constable, but the court below (Wilson, President) was of opinion that it would not support an action in the name of the present plaintiff, and therefore directed a verdict for the defendant.

*Swineford*, for plaintiff in error, argued that forbearance was the consideration, and it could move only from the party beneficially interested. The constable was his agent, who communi-

[Cummings v. Klapp.]

cated the promise to the plaintiff by the return of his execution, and the justice's acceptance of it, and was himself thereby discharged from all liability; leaving the plaintiff and his judgment to be collected, either from the defendant, by disregarding the doings of the constable, or by adopting his acts and giving the time stipulated as the consideration of the promise, resort to the present defendant. As a promise to the constable, it could not have been enforced, because it was not mutually obligatory upon the parties. It was one which the constable had no power to make, because it was a violation of his official duty; and unless acquiesced in by the plaintiff, it was nugatory. This acquiescence, therefore, must have been anticipated by the parties, and furnishes the key to the legal interpretation of the defendant's promise, which is the foundation of this action. To which may be added, that if the parties had contemplated that the consideration was moving from the constable, and the promise was to be made to him, it would have been to John Haus, and not " to the constable." But it is perfectly manifest that the constable had neither interest in, nor power over any consideration, otherwise than as the agent of the plaintiff in the execution; in whose name, therefore, the action was rightly brought. 5 *Watts* 468; 8 *Watts* 386. But if there was error in the form of action the court should have amended it. 2 *Watts* 14, 131; 4 *Watts* 329; 7 *Watts* 48.

*Miller* and *Weirich*, contra, argued that the action being founded upon a written promise, was susceptible only of such interpretation as its terms would admit. It was a promise, then, " to the constable," and although the beneficial interest is in the present plaintiff, it does not therefore follow that the action may be in his name; for the distinction between the legal and equitable plaintiff is always observed where forms are deemed important to the administration of justice. But the constable was clearly interested, for his neglect of duty made him liable to the plaintiff, by whom he might be sued. He took this promise, therefore, as an indemnity, and he may therefore sue upon it, as is decided in 5 *Watts* 468.

*Swineford*, in reply. The argument is unsound which is founded upon the right of the officer to deal with the plaintiff's execution at all. If the consideration be the violation of duty by the constable, then the promise is void, and no action can be maintained by any one upon it; certainly not by the officer, who predicates his right upon his own dereliction of duty. This is clearly settled in *Miles* v. *Richwine*, (2 *Rawle* 199), and in *Koons* v. *Seward*, (8 *Watts* 389), where the rejection of the evidence of a bond taken by the constable, although illegal as a statute bond, was held to be error, and that, too, in an action by the plaintiff in the execution upon it.

[Cummings v. Klapp.]

PER CURIAM.—It is true that an action on a promise lies in the name of the party beneficially interested in it; but here we discover no interest in the promise, on the part of the plaintiff, who had his remedy against the constable for whose security the promise was made to protect him against that very remedy by paying the money at a given day. The constable, not the plaintiff, gave the indulgence; and it was from the constable, therefore, that the consideration moved. The plaintiff gave the constable no authority to take a security, and cannot make the act his own by adoption; for the maxim that subsequent ratification is equivalent to precedent authority, is applicable exclusively to acts done in the principal's name. In this instance, the promise was made to the constable in terms, when he was not professing to act as the plaintiff's agent; and it was not in the nature of a bail-bond, which is taken for the plaintiff's use. It was made to the constable for his own use because it was to pay, not only the debt, but the costs, to which the plaintiff had no claim; and as the contract was entire, the constable alone could sue for it. The evidence, therefore, was properly rejected.

Judgment affirmed.