Gorrell *v.* Taylor.

GORRELL *v.* TAYLOR.

*(Knoxville.* October 17, 1901.)

1. PARENT AND CHILD. *Services of child for parent presumed gratuitous.*

   Attentions and services rendered by a child, while living with the parent, during the latter's ill-health, though long continued, are presumed to have been gratuitously rendered from motives of affection and duty, and to entitle the child to recover compensation therefor, he must overcome this presumption by a preponderance of evidence showing either an express contract or such exceptional facts and circumstances as establish an intention on the one part to charge. and on the other to pay for same notwithstanding the relation of kinship.

   Cases cited: Forsee *v.* Matlock. 7 Heis., 425; Taylor *v.* Lincumfelter, 1 Lea, 83; Hayes *v.* Cheatham, 6 Lea, 9.

2. SAME. *Same.*

   The same rule applies to services and attentions rendered by the husband or wife of a child as to those rendered by a child.

3. SAME. *Same.*

   And this presumption applies to services rendered by persons in more remote degrees of relationship than that of parent and child, but grows weaker as the degree of relationship grows more remote.

FROM COCKE.

Appeal from Chancery Court of Cocke County. JOHN P. SMITH, Ch.

W. H. JONES for Garrell.

H. N. CATE for Taylor.

CALDWELL, J.  The complainants are the daughter and son-in-law of P. Taylor, deceased.  They brought this bill against his executors to recover $1,600 and $500 respectively for services rendered to him during a long period of ill health, which continued until his death.  The Chancellor denied the complainants the relief sought, and the Court of Chancery Appeals affirmed his decree.  The substance of the facts found by the latter tribunal, very briefly stated, is that the deceased was in very feeble health for many years prior to his death, though not generally confined to his bed or house; that, while he employed all servants needed to perform the ordinary labor in and about his home, his daughter, one of these complainants, lived with him and cared for him tenderly and affectionately, rendering him with her own hands those more delicate, personal, and comforting services which are essential to the welfare of a sick person, for about seventeen years; that her co-complainant, after their intermarriage and up to the death of her father, some four years thereafter, likewise lived with him and assisted in the rendition of those services, but that the decedent, notwithstanding his evident appreciation of the kind and helpful attention of the complainants, never promised or expected to compensate them therefor.  Upon that finding of facts the Court of

Chancery Appeals rightly adjudged that the complainants had failed to make out a proper case for recovery.

Children performing services of this character for a parent are presumed to act gratuitously, from motives of affection and duty, and to entitle them to recover compensation therefor, the burden is upon them to overcome the presumption by showing either an express contract or such exceptional facts and circumstances as will establish an intention on the one part to charge and on the other to pay, notwithstanding the relation of kinship. *Forsee* v. *Matlock*, 7 Heis., 425; *Riley* v. *Riley*, 38 W. Va., 290; approved in *Plate* v. *Durst* (W. Va.), 32 L. R. A., 406; *Ulrich* v. *Ulrich* (N. Y.), 18 L. R. A., 38; *Weir* v. *Weir*, 3 B. Monroe, 645 (S. C., 39 Am. Dec., 487); *Poorman* v. *Gilgore*, 26 Pa. St., 365 (S. C., 67 Am. Dec., 524); *Dodson* v. *McAdams*, 96 N. C., 140 (S. C., 60 Am. Rep., 408). And the presumption of gratuitous service goes beyond the real blood relation of parent and child. It extends to stepchildren (*Williams* v. *Hutchinson*, 3 Comstock, N. Y., 312 (S. C., 53 Am. Dec., 301; *Ellis* v. *Cary*, Wis., 4 L. R. A., 55); to grandchildren (*Dodson* v. *McAdams, supra*); to brother and sister (*Taylor* v. *Lincumfelter*, 1 Lea, 83; *Hayes* v. *Cheatham*, 6 Lea, 9), and, indeed, to all relatives living together in the same family; but it naturally grows weaker, and, therefore, becomes more easily rebutted as the relationship recedes.

Gorrell *v.* Taylor.

This presumption, which, from the very reason underlying it, must obviously reach its highest and strongest point in the case of a child, quite as certainly and but little less strongly affects the claim of the son-in-law or daughter-in-law, who joins the other marital partner in filial services to the latter's parents. In fact, no distinction was taken between the two in *Forsee* v. *Matlock, supra,* where the son-in-law joined his wife in attentions to her father, nor in *Ulrich* v. *Ulrich, supra,* where the daughter-in-law joined her husband in caring for his mother; but, in each instance, they were treated as upon the same footing. The presumption was applied against the husband, who was the son and only plaintiff in the latter case, and also against the husband, who was the son-in-law and only plaintiff in the former case.

Propositions announced in this opinion are likewise sustained by numerous other authorities, among them 17 Am. & Eng. Enc. L., pp. 336 to 344 inclusive, and cases there cited.

The presumption of gratuitous service arose as to both of these complainants, the son-in-law as well as the daughter of the deceased, and, that presumption having been overcome as to neither of them, both must be denied a recovery.

Affirm.