Roy v. Sanford.

S. R. Roy *v*. H. W. Sanford.

(*Jackson*.   April Term, 1918.)

1. **WITNESSES.** Transaction with decedent.   Inquiry into status of party by court.

In determining whether the fact that a certain person is a party to an action disqualifies a witness to testify as to a transaction with a person since deceased, the court will inquire into the status of such party. (*Post, p.* 389.)

Acts cited and construed: Acts 1869-70, sec. 2, ch. 78.

Cases cited and approved: Rielly v. English, 77 Tenn., 16; Fuqua v. Dinwiddie, 74 Tenn., 645; Hughlett v. Conner, 59 Tenn., 83; Grange Warehouse Ass'n. v. Owen, 86 Tenn., 355; Part v. Avery, 5 Watts & S., 511; Anderson v. Brodie, 15 Tenn., 297; Tatum's Ex'rs v. Lofton & Anderson, 3 Tenn., 115; Turner v. Huggins, 130 Tenn., 181; Trabue, Davis & Co. v. Turner, 57 Tenn., 447.

Cases cited and distinguished: Barbee v. Mason, 45 Tenn., 108; Harris v. Palmer, 21 Pa., 296; Lea v. Henderson, 41 Tenn., 146.

Code cited and construed: Sec. 5598 (T.-S.).

2. **WITNESSES.** Transaction with deceased.   Relationship of witness to party calling him.

Where a witness is called to testify as to transaction with or statement by a decedent or a ward in an action against an executor, administrator, or ward, the court in determining competency of the testimony under Thompson-Shannon Code, section 5598 (Acts 1869-70, chapter 78, section 2), making such testimony by a party to such action incompetent, will consider the interests between witness and party calling him, regardless of witness' technical position on record. (*Post, p.* 389.)

Roy v. Sanford.

3. **WITNESSES.** Competency. Action against administrator. Testimony against deceased. Indorsement of note for collection.

Under Thompson's-Shannon's Code, section 5598 (Acts 1869-70, chapter 78, section 2, making testimony as to transaction with deceased by party to action against administrator incompetent, in action on note against administrator of deceased maker, payee cannot testify to execution of note, although action was brought by Party to whom it had been indorsed for collection. (*Post, pp.* 389, 390.)

Case cited and approved: Wells v. Schoonover, 56 Tenn., 805.

4. **WITNESSES.** Competency. Question for court.

The competency of witnesses is a matter for trial judge to pass on. (*Post, p.* 390.)

---

FROM LAUDERDALE.

---

Error to the circuit court of Lauderdale County. —Hon. S. J. Everett, Judge.

Shane Roy, for plaintiff in error.

Craig & Bullock, for defendant in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

The present action was brought on the following promissory note:

$115.25.              Henning, Tenn., July 15, 1916.

"Dec. 1st. 1916 after date, I promise to pay to the order of Dr. T. F. Pipkin, one hundred and fifteen and 25/100 dollars, at Bank of Henning, Henning, Tennessee, for value received. If an attorney is

employed to collect this note or any part, with or without suit, it is agreed that a fee fixed at ten per cent. of the original face value of said note shall be added as an attorney's fee, and same to be payable by the makers and indorsers at once and the makers and indorsers severally waive presentation for payment, protest and notice of protest and nonpayment of this note and agree to all partial payments before or after maturity without prejudice to the holder.

his<br>
"Willis X Lake.<br>
mark

"Address, Henning, Tenn."

This note was indorsed by the payee to the plaintiff, Roy.

The defendant, as administrator of Willis Lake, pleaded *non est factum*.

Dr. T. F. Pipkin, the payee, went upon the witness stand and testified, in substance, that he indorsed the note to S. M. Roy merely for the purpose of making himself competent as a witness against the administrator to prove the execution of the note; that it was originally indorsed as collateral on a note which Roy held against the witness, but that this note had been fully settled; that the note was indorsed for collection, but that substantially all the proceeds would be paid to him by Roy when collected. The only possible inference was that such of the proceeds as were to be retained by Roy were

merely as compensation for his services in acting as agent in making the collection. A necessary inference was that Roy was to bring suit in his own name by virtue of the indorsement as a means of making the collection. The trial judge, on objection of the defendant, ruled out the testimony as to the existence of a former note owing by Pipkin to Roy, and no exception was preserved as to this action. On objection made to the competency of Dr. Pipkin as a witness against the administrator on the ground that he was testifying against the administrator of decedent, a party to the cause, as to a transaction had with the decedent, the testimony of Dr. Pipkin on this subject was held incompetent. Dr. Pipkin had testified that the decedent contracted to pay him the amount of the note for services which he had performed as a physician to the son of the decedent; that he drew the note, and at Willis Lake's request signed his name thereto; and that Willis Lake himself made his mark.

After ruling out this evidence, the trial judge sustained a motion of the defendant for peremptory instructions.

Error is assigned here on the ground that the trial judge improperly ruled out the testimony of Dr. Pipkin; also, on the ground that he improperly withdrew the evidence from the jury, inasmuch as the jury might have drawn an inference other than that we have stated above.

140 Tenn.—25

There is nothing in the second point, but the first presents a question of real difficulty.

The matter to be decided arises under section 2 of chapter 78, Acts of 1869–70, appearing in section 5598, Thompson's Shannon's Code, in the following language:

"In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party."

This act has given rise to a large number of decisions of this court. It has been uniformly held that the person whose evidence is excepted to must be a party to the record. *Rielly* v. *English,* 9 Lea (77 Tenn.), 16, 18; *Fuqua* v. *Dinwiddie,* 6 Lea (74 Tenn.), 645; *Hughlett* v. *Conner,* 12 Heisk. (58 Tenn.), 83, 87, 88; *Grange Warehouse Ass'n* v. *Owen,* 86 Tenn. (2 Pick.), 355, 365, 7 S. W., 457. However, in neither of the cases cited, nor in any other case on the same point, was the question presented which we have before us; that is, as to the legality of a scheme to defeat the operation of the act by an assignment of the demand to the assignor's agent for collection for the purpose of making the assignor competent as a witness in a suit to be brought on the demand by such agent against the administrator of the decedent, concerning a transaction with the decedent. To toler-

ate such a scheme would be to sanction a fraud on the act. It would be tantamount to holding that one desiring to assert a demand against a decedent might by circumvention accomplish what he could not do directly. It would be holding that, while Dr. Pipkin could not himself sue and be a witness, he might appoint an agent to sue for his benefit and be a witness. Such legal jugglery cannot be sanctioned.

It is true that this court has held in several cases that the adverse interest of the witness is not to be inquired into; that, although he may be so interested in the result of the litigation, yet if not a party he is still competent. But the case before us does not turn upon the mere matter of interest, but upon the fact that Dr. Pipkin is to all intents and purposes a party, since Mr. Roy is only his agent.

Similar attempts were made under the old law when parties in interest were not allowed to be witnesses. The device was adopted of transferring the demand for the purpose of becoming a witness. This was held to be inadmissible. *Barbee* v. *Mason*, 5 Cold. (45 Tenn.), 108, 119. On the latter page this Court said:

"In the case of *Harris* v. *Palmer*, 21 Pa., 296, the supreme court say: 'Though a legatee may release or renounce a legacy, and thus become a competent witness to prove a will, yet he cannot make himself competent, by assigning his interest to another,' and thus overruled, 'an illegitimate line of decisions begotten' in that state by a previous decision to the

contrary. And this principle is affirmed in the case of *Part* v. *Avery,* 5 Watts & S., 511, and is recognized by this court in the case of *Anderson* v. *Brodie,* 7 Yerg., 297.''

In *Anderson* v. *Brodie,* the party sought to make himself competent by assigning his claim to one Smith, and subsequently bringing suit in his own name for the use of Smith under the belief that he would be competent through means of a statute then recently passed to the effect that the person for whose use the suit was brought would be the real party. The court held the statute could not be used for any such purpose. It was also held in *Tatum's Ex'rs* v. *Lofton & Anderson,* Cooke, 115, Fed. Cas., No. 13,766, that one could not render himself incompetent as a witness by purchasing an interest in the thing in controversy, and thereby deprive another of his evidence. These were all treated as frauds in law and held inadmissible on the theory that the law could not be used for its own undoing. The same principle was recognized in *Lea* v. *Henderson,* 1 Cold. (41 Tenn.), 146. In that case the court said:

''The witness cannot, wantonly, or in bad faith, by an interest acquired pending the suit, deprive the party of the benefit of his testimony. But a subsequent interest of the witness, created *bona fide* in the usual and lawful course of business, or by operation of law, will be as effectual to disqualify as a pre-existing interest.''

Furthermore, the court will inquire into the *status* of a party in determining whether his presence in the case will disqualify a witness. It was so held in the recent case of *Turner* v. *Huggins,* 130 Tenn., 181, 169 S. W., 754, Ann. Cas., 1916B, 566. The court will also consider the interest of the parties when one of them is, under the permission granted by the statute quoted, called to testify by another, no matter what his technical position on the record may be. *Trabue, Davis & Co.* v. *Turner,* 10 Heisk. (57 Tenn.), 447, 453.

It is insisted that defendant could not complain of the fraud because not injured thereby, and for this we are referred to *Wells* v. *Schoonover,* 9 Heis., (56 Tenn.), 805. That was a case wherein it appeared that one Stillman, the payee of a note executed by Schoonover, had transferred it to Wells, for the purpose of defrauding his assignee in bankruptcy. It was held that, inasmuch as the latter had made no claim to the note, Schoonover's executor would not be imperiled by suffering a judgment on the obligation. Obviously, this is not a parallel case. The question here is whether the court, under a true conception of public policy, should tolerate such an evasion of the law as the device under examination indicates was attempted. To hold such transactions good would be nothing short of withdrawing the estates of deceased persons from protection against fictitious demands. This observation is especially applicable to a case where the deceased person's

name is signed by the alleged creditor, accompanied merely by a cross-mark and not witnessed by any disinterested person. Many such unlettered persons have acquired considerable estates, and nothing would be easier than to manufacture claims against them. We do not wish to be understood as saying that Dr. Pipkin's claim is a manufactured one. We are speaking only of the general principle of evidence, and as to him merely holding that under the circumstances, showing an evasion of the statute, he is not a competent witness to prove the execution of the note, on the grounds and for the reasons stated, and that without his testimony the demand is not proven.

It is insisted that the plaintiff did not participate in Dr. Pipkin's plan; but the contention is without the slightest foundation, since he necessarily became a party to it, when he accepted the indorsement made for purposes of collection only, for the benefit of Dr. Pipkin. It is insisted this question should have been left to the jury. To say nothing of the principle that it is the duty of the trial judge to pass on the competency of witnesses, there was nothing for the jury to decide, since no other inference than participation on the part of Mr. Roy was possible from the facts stated.

It results that the judgment of the court of civil appeals affirming the action of the trial judge in dismissing the suit must be likewise affirmed, with costs.