## M. W. GIBSON *v*. W. C. PARKEY *et ux*.

### (*Knoxville*.  September Term, 1919.)

1. **TRIAL.** Exception that testimony as to transactions with testator was incompetent sufficiently definite.

An exception to all that part of the testimony of the defendants W. and O. as to any transaction with or statement by the testator G. on the ground that such testimony is incompetent under the law was sufficiently specific and definite; the statute making such evidence incompetent being so well understood. (*Post, pp.* 104, 105.).

Cases cited and approved:  Cemetery Co. v. Shubert, 39 Tenn., 119; Thompson v. Anderson, 1 Legal Rep., 46;  Whitley v. Davis, 31 Tenn., 333;  Gunn v. Mason, 34 Tenn., 637;  Railway Co. v. Beeler, 90 Tenn., 548;  Johnson v. Patterson, 81 Tenn., 651;  Baxter v. State, 83 Tenn., 665;  Hill v. McLean, 78 Tenn., 107;  Graner v. State, 73 Tenn., 213.

2. **TRIAL.** Exceptions must be specific.

An exception must be sufficient upon its face to point out the matter excepted to.  (*Post, pp.* 104, 105.)

3. **WITNESSES.** Witness interested in result competent to testify concerning transactions with decedent.

The interest of a witness in the result of the litigation is no objection to the competency of his testimony concerning conversations or transactions with a decedent;  hence, in an action by an executor to recover on a note, defendant's wife was competent to testify that the testator directed her husband to pay the note to her. (*Post, pp.* 105-107.)

4. **EXECUTORS AND ADMINISTRATORS.** Legatee not proper party in action against husband on note.

In an action by an executor on a note, where defendant's defense was that testator directed him to pay the note to defendant's wife, and that he did so, the wife was not properly made a party defendant

Gibson v. Parkey.

on the ground that the payment to her was an advancement and chargeable against a bequest under the will. (Post, p. —.)

5. WITNESSES. Husband not party to controversy in executor's action against wife.

A husband is not a party to a controversy between his wife and an executor, wherein the executor seeks to have money, paid to the wife by the husband as directed by testator, who was a payee in a note executed by the husband, declared an advancement chargeable against a bequest to her; hence his testimony in the wife's behalf was admissible. (Post, pp. 105-107.)

6. WITNESSES. Nominal party may testify as to transactions with decedent.

Where an executor sued on a note and defendant defended on the ground that testator had directed him to pay the proceeds of the note to defendant's wife, and thereupon the executor had the wife made a party defendant, and sought to have such payment adjudged an advancement to her and chargeable against a bequest to her under the will, the wife was not thereby rendered incompetent, under Shannon's Code, sec. 5598, to testify as to conversations with the testator, as far as the rights of the husband were concerned, being only a nominal party. (Post, pp. 105-107.)

7. WILLS. Donation of note not an advancement.

Under a will bequeathing $10,000 to a daughter "in addition to the advancements heretofore made her," the daughter could not be charged with money paid her by her husband as a maker of a note held by the testator, who directed him to pay the amount of the note to her; such direction having been made prior to the execution of the will. (Post, pp. 105-107.)

Cases cited and approved: Montague v. Thomason, 91 Tenn., 168; Jones v. Waddell, 59 Tenn., 338; Fuqua v. Dinwiddie, 74 Tenn., 646; Roy v. Sanford, 140 Tenn., 382.

Code cited and construed: Sec. 5598 (S.).

8. EXECUTORS AND ADMINISTRATORS. Executor estopped to deny satisfaction of note.

Where testator, who was payee in a note executed by defendant, directed defendant to pay the amount due on the note to defendant's

wife, executor was estopped to deny that the note was satisfied, where he deducted the amount of the note as an advancement from a legacy to the wife. (*Post, p.* 107.)

9. **BILLS AND NOTES.** Payment to third person at payee's direction a discharge.

Under Acts 1899, chapter 94, section 119, payment by maker of a note of the amount due thereon to a third person discharged the note, where such payment was made at the direction of the payee. (*Post, p.* 107.)

Acts cited and construed: Acts 1899, ch. 94, sec. 119.

Code cited and construed: Secs. 3516a-118, subsec. 4 (S.).

---

### FROM CLAIBORNE.

---

Appeal from the Chancery Court of Claiborne County. —Hon. John Jennings, Jr., Chancellor.

Montgomery, Donaldson & Montgomery, for appellant.

L. D. Smith, John P. Davis and J. R. Ketron, for appellee.

Mr. Chief Justice Lansden delivered the opinion of the Court.

The complainant is the executor of E. J. Gibson, deceased, and Mrs. Parkey is a daughter of the testator. The suit was brought by the executor, who is the only son, to collect from the defendant Parkey a note in the sum of $1,200. The bill was first filed against Parkey, the maker of the note, and Parkey set up as a defense in his answer that the testator in his life-

time directed him to pay the note sued on to his wife. On the same day that Parkey filed his answer he gave his own deposition, and took that of his wife. It is sufficient to say here that both he and Mrs. Parkey testified that the testator in his lifetime directed him to pay the note to Mrs. Parkey, stating that it was a gift to her, and that afterwards he so paid it. When these depositions were given complainant amended his bill so as to make Mrs. Parkey a defendant, and to charge that if the note was given her by the testator it was intended by him to be an advancement, and Mrs. Parkey was chargeable therewith as such. This amendment was answered so as to put in issue its allegations, and on the trial complainant excepted to the deposition of Mrs. Parkey, and the exception was sustained. On the final hearing the chancellor dismissed the amended bill, and rendered judgment against Parkey for the note with interest. The complainant has appealed from the decree of the chancellor, dismissing the bill as to Mrs. Parkey, and the defendant Parkey has appealed from that part of the decree which rendered judgment against him.

The testator gave the bulk of his fortune to the complainant, but gave to his daughters each $10,000, and to a neice of his wife $1,000. He directed his son to pay these legacies, "within one year after my death with interest from the date of my death, unless I shall pay any or all of said amounts before my death. I may be able to pay a part or all of said amount during my lifetime, and whatever amount I do pay will be credited upon said amount herein directed to be paid by my

executor.'' The complainant received about $100,000 from his testator, but it was charged with the payment of $21,000 to the two daughters and the niece. He was also charged with the duty of caring for his mother, but she was given sufficient property by the testator. The will was executed and published January 27, 1915. The note sued on is dated October 21, 1914. The gift to Mrs. Parkey of $10,000 ''was in addition to the advancements heretofore made her.'' The conversation with Mrs. Fugate was after the will was executed, but the conversations testified to by Mr. Parkey and Mrs. Parkey were manifestly before the execution of the will. If these latter conversations are competent, it is very clear that the gift to Mrs. Parkey in the will was after the gift of the note and in addition thereto.

The original bill was a suit against Parkey to recover the amount of the note with interest. The same day that Parkey filed his answer, he took the depositions of himself and his wife. At that time the testimony of Mrs. Parkey concerning the gift of the note to her was competent. Later complainant, with the permission of the court, filed an amendment which made Mrs. Parkey a defendant, and it is insisted that because she was such defendant to the amended bill, her testimony as to the conversation with the testator is incompetent. This is the determinative question in. the case, because her testimony, if competent, clearly establishes that her father made her a gift of the note of her husband before the execution of the will, and the will recites upon its face that the bequest of $10,000 to Mrs. Parkey ''is in addition to the advancements heretofore made her.''

The amended bill seeks judgment against Mrs. Parkey only in event that judgment cannot be had against her husband, and the relief sought against her is predicated upon the idea that, if the testator made her a gift of the note of her husband, it was an advancement. Hence the material question respecting her liability is whether the note was given her before or after the will was executed.

Before determining these questions it is proper to notice a question of practice that is raised by defendants. It is said for them that the exception to their testimony is not good, because the exception thereto was general and insufficient. The exception was as follows:

"On the trial of the cause of the complainant objected to all that part of the testimony of the defendants W. C. Parkey and wife, Ollie Parkey, as to any transaction with or statement by the testator, E. J. Gibson, on the ground that such testimony is incompetent under the law, which objection was sustained by the court and said testimony excluded."

We have examined the many cases cited by counsel for both parties upon this question. Our opinion is that the exception is sufficient in this case, because Mrs. Parkey's deposition related exclusively to conversations with the testator, and Mr. Parkey's first deposition did likewise. It is not difficult for the court to understand what was referred to by the exception, or the grounds of the exception. It is true that the exception must be sufficient upon its face to point out the matter excepted to, but the matter here referred to is made incompetent by statute, and not by the common law, and the statute

is so well understood that the exception above quoted manifestly refers to it. *Cemetery Co.* v. *Shubert,* 2 Head, 119; *Thompson* v. *Anderson,* 1 Legal Rep., 46; *Whitley* v. *Davis,* 1 Swan., 333; *Gunn* v. *Mason,* 2 Sneed, 637; *Railway Co.* v. *Beeler,* 90 Tenn., 548, 18 S. W., 391; *Johnson* v. *Patterson,* 13 Lea, 651; *Baxter* v. *State,* 15 Lea, 665; *Hill* v. *McLean,* 10 Lea, 107; *Graner* v. *State,* 5 Lea, 213. The holding of the foregoing authorities is that the exception must be specific, and this has always been the practice of this court. We think that the exception made below is sufficiently specific.

It is well settled law that the interest of the witness in the result of the litigation is no objection to the competency of his testimony concerning conversations or transactions with the deceased. *Montague* v *Thomason,* 91 Tenn., 168, 18 S. W., 264; *Jones* v. *Waddell,* 12 Heisk., 338; *Fuqua* v. *Dinwiddie,* 6 Lea, 646. Therefore the testimony of Mrs. Parkey was competent to be considered in the suit of complainant against her husband, and, as she testified that the testator directed her husband to pay the note to her before the execution of the will, and while he was the holder thereof, and as the will by its terms gives her $10,000 in addition to previous advancements, it would appear that such payment to her was a satisfaction of the note  She was not a proper party to the suit of the complainant against Parkey to collect the note. However, she was a necessary party if complainant should admit the payment of the note by Parkey to her and seek to hold that such payment was an advancement to her and chargeable

against her bequest under the will. But if the case is viewed in this light her husband is not a party to such controversy between her and the executor, and his testimony would be competent for her. He shows that he paid the note to his wife upon the direction of the testator given and accepted before the will was executed. Now, can complainant render Mrs. Parkey incompetent to testify for her husband in a suit against him to collect the note by making her a defendant upon the allegation that if her testimony is true she should be charged with the amount of the note as an advancement? We think not. While she may be interested in the result of the litigation between her husband and the complainant, she is not a proper or necessary party thereto, and her testimony cannot be excluded by making her a nominal party. The same would be true with respect to her husband if the executor should concede the payment of the note as claimed by defendants, and seek to hold Mrs. Parkey liable for an advancement. But it is plain that she is not liable for an advancement, if the testimony of herself and her husband is considered. The defendant Parkey was directed to pay the note to her before the will was made,, and all parties accepted this changed relation, and Parkey paid the note to his wife. The will expressly states that $10,000 is given to her in addition to other advancements. *Roy* v. *Sanford,* 140 Tenn., 382, 204 S. W., 1159; Shannon's Code, section 5598. This is true because the statute only makes incompetent the testimony of parties in an action by or against executors in which judgments may be rendered for or against them.

Gibson v. Parkey.

The complainant considered the payment of the note by Parkey to his wife as a final settlement so far as Parkey is concerned. In his amended bill he seeks to hold Mrs. Parkey liable for an advancement of this amount, and in his testimony he shows that he has deducted the amount of the note from her legacy. This could only be justified upon the assumption that complainant considered her liable for the amount of the note as an advancement. This is a definite estoppel upon him to claim that Parkey is liable for the note, and as the directions of the testator to Parkey to pay the note to Mrs. Parkey were made before the will was executed, it is clear that Mrs. Parkey is not liable for an advancement. Complainant has not a right of action against both, because the liability of one exists only in case the other is not liable. The claims set forth in the original and amended bills are inconsistent, because Mrs. Parkey is liable only in the event that Mr. Parkey was discharged from liability upon the note by his payment to her.

Such payment of the note is a discharge. Acts of 1899, chapter 94, section 119 (Shannon's Ann. Code, section 3516a- 118, subsec. 4); 8 C. J. 594; 30 Cyc. 1183.

The result is that the decree of the chancellor is reversed, and complainant's bills are dismissed, with cost.