MRS. M. A. BOWLEN v. EUGENIA WHITE BAKER.*

(*Knoxville.*   September Term, 1922.)

1. WITNESSES.   Where plaintiff testified as to transaction with deceased on cross-examination over defendant's exception, defendant's cross-examination did not render a re-examination competent.

In action against executrix for services rendered testator, based on testator's promise to further compensate complainant, for her services, in his will, in which complainant testified on direct examination over defendant's exception as to such agreement, the mere fact that the defendant cross-examined her as to the agreement did not render testimony as to testator's promise on re-examination competent, where otherwise incompetent under Thompson's-Shannon's Code, section 5598, making testimony as to transaction with deceased incompetent.   (*Post, p.* 39.)

2. WITNESSES.   Defendant did not waive exceptions to admission of testimony on direct examination by cross-examination.

Defendant did not waive exceptions to admission of incompetent testimony of plaintiff on direct examination by cross-examining plaintiff as to the matter.   (*Post, p.* 39.)

Cases cited and approved: McCormick v. State, 135 Tenn., 218; Scott v. Bank, 123 Tenn., 287; Goodlett v. Kelly, 74 Ala., 213; Bentley v. Bentley, 72 Neb., 803; Calwell v. Prindle, 11 W. Va., 307.

Code cited and construed: Sec. 5598 (T.-S.).

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.—HON. CHAS. HAYS BROWN, Chancellor.

---

*On the question of waiver of objection to testimony by cross-examination see note in 33 L R. A. (N. S.) 106.

---

Bowlen v. Baker.

---

LINDSAY, YOUNG & YOUNG, SMITH, WORD & ANDERSON and JULIAN R. EAGLE, for Bowlen.

CATES, SMITH, TATE & LONG, for Baker.

MR. JUSTICE GREEN delivered the opinion of the Court.

The bill herein was filed by the complainant to recover from the defendant as executrix of the will of Thomas A. Smith, deceased, a sum of money alleged to be due to the complainant for services rendered to the deceased over a period of years as cook and housekeeper. Liability was denied, proof taken, and the chancellor heard the cause and dismissed the bill. The complainant has appealed to this court.

The theory of the suit is that the complainant was employed by deceased to render the services mentioned; that he paid her an inadequate wage; that he promised to further compensate her in his will; and on the faith of the promise of a legacy she remained in the employ of deceased and performed the said services. She was paid regularly a weekly stipend, and it is conceded nothing is due on this account.

The direct examination of the complainant contains the following:

"Q. Why didn't Mr. Smith pay you what your services were worth while you stayed there?

"A. He said he could not.

"Mr. Johnston: Counsel for defendant excepts to the foregoing question, and to any answer thereto, because it undertakes to detail a conversation between the witness, who is the complainant and the defendant's deceased testate.

"By Mr. Anderson:   Q.   What else did he say about it?

"A.   What do you want me to say?

"Q.   I want to know what he said about it.

"A.   About which?

"Q.   About paying you?

"A.   He said he could not begin to pay me one-half of what I was worth, but that he intended to leave it for me.

"Mr. Johnston:   I make the same exception to this question and answer."

On cross-examination counsel for executrix asked complainant certain questions about the contract between her and the deceased. On re-examination complainant's counsel developed the alleged contract more fully over objections.

The chancellor excluded all the testimony of Mrs. Bowlen with reference to the promises of deceased to provide additional compensation for her by testamentary provisions, holding it incompetent under Thompson's-Shannon's Code, section 5598.

It is tacitly admitted that complainant cannot get along without her own testimony, and it is admitted that her testimony with reference to these transactions with deceased would be incompetent ordinarily. It is said, however, counsel for the executrix interrogated the complainant about her alleged contract with deceased on cross-examination, and that this permitted the complainant's counsel to bring out the matter fully on re-examination.

The complainant relies on a line of cases holding that when any transaction with a deceased person is partially gone into by the opposite party cross-examining this permits the party testifying to tell the whole of that transaction on re-examination. These cases seem entirely sound.

Bowlen v. Baker.

An executor or administrator may call the opposite party to testify as well by cross-examination as directly, and such opposite party should be allowed under such circumstances' to explain the whole matter about which he was called to testify. See 40 Cyc., 2343, and cases cited.

We have a different case before us, however. The complainant was not first called to testify to the alleged contract with the deceased on cross-examination, but she undertook to testify as to this contract on direct examination, as heretofore appears. Defendant merely cross-examined her as to this contract. Defendant had excepted to such testimony on the direct examination, and he did not waive these exceptions by this cross-examination. This is now settled in Tennessee by *McCormick* v. *State,* 135 Tenn., 218, 186 S. W., 95, L. R. A., 1916F, 382, in which case it was intended to disapprove any thing in *Scott* v. *Bank,* 123 Tenn., 287, 130 S. W., 757, to the contrary. Complainant's deposition was taken before a notary. He had no right to exclude anything. It was his duty to take down all the questions and answers, and note the exceptions made. The only safe way for the defendant to have proceeded under such circumstances was to note his objections to the incompetent testimony and then cross-examine, unless he wished to waive the benefit of a cross-examination, in the event his objections were not sustained by the master or chancellor.

Such a cross-examination is not a waiver of exceptions propertly preserved. *Goodlett* v. *Kelly,* 74 Ala., 213; *Bentley* v. *Bentley,* 72 Neb., 803, 101 N. W., 976; *Calwell* v. *Prindle,* 11 W. Va., 307.

There was no error in the chancellor's decree, and it will be affirmed.