M. O. BROWN v. L. A. FUQUA, Executor of T. C. FUQUA.

Middle Section.    November 3. 1928.

Petition for Certiorari denied by Supreme Court, February 9, 1929.

Worth Bryant, of Cookeville, and J. A. Drake, of Smithville, for plaintiff in error, Fuqua.

P. J. Anderson, and O. K. Holladay, of Cookeville, for defendant in error, Brown.

CROWNOVER, J. This action is not styled correctly. It should be styled L. A. Fuqua, Executor, plaintiff in error v. M. O. Brown, defendant in error, as Brown recovered a judgment in the lower court, and the executor has appealed in error.

This action was brought by plaintiff M. O. Brown on an account for services rendered by the plaintiff, his wife and children for the defendant's testate T. C. Fuqua, to which action the executor pleaded nil debet and payment. The suit was tried by the court and a jury and resulted in a verdict and judgment for $1364.07, the exact amount set out in the itemized account filed with the declaration. The defendant's motion for a new trial was overruled and he has appealed in error and insists that the trial court was in error: (1) Because there was no evidence to support the verdict; (2) Because

the evidence greatly preponderated against the verdict; (3) In permitting plaintiff M. O. Brown to testify, over .defendant's objection, as to transactions with the deceased and as to circumstances tending to establish liability of the estate; (4) In allowing Frank Fuqua to testify over defendant's objection about a former will of the deceased, in which he bequeathed $4000 to one of M. O. Brown's sons; (5) In not charging the jury that the sworn account sued on was not evidence of the indebtedness, as requested by the defendant, which request was refused.

The facts necessary to be stated are that the plaintiff below M. O. Brown and the deceased T. C. Fuqua were brothers-in-law, Brown having married Fuqua's sister. The deceased Fuqua owned several good farms in Putnam county and was in good financial circumstances. He was a bachelor past middle life, but was interested in a lady at Cookeville, whom he visited on an average of once or twice each week. Brown and Fuqua lived near each other on Martin's Creek about eight miles from the railroad, and jointly purchased a farm, which they jointly controlled and cultivated until sometime about 1922 or 1924, when they had a serious altercation about a lawsuit in Cookeville, in which Brown attempted to cut Fuqua, and from that time until the death of Fuqua in January, 1926, they had no communications or dealings with each other. Friends intervened and had them to divide the farm but they made no final settlement of the accounts between them.

For several years before the altercation the deceased had hired Brown and his sons and family to work on his farm, to plow, gather crops, repair fences and buildings, and to do other specific things, for the most of which services he paid them at the time; but he also had them to do other work such as logging timber, fencing, nailing boards, cooking for deceased and his laborers, feeding cattle, hogs, mules and horses, and driving deceased to railroad station 150 trips, total $1364.07, for which they received no pay and for which this suit is brought.

Brown, his wife and sons testified that they expected pay for this work, but did not ask for or demand it, or sue. on the account because the deceased had told them that he would pay them well for the services in the wind up, and he told Mrs. Brown that he would make provisions for them in his will. For these reasons they did not press for a settlement. But after the altercation they had no further communications or business transactions with each other, and when T. C. Fuqua died he devised his property to his three brothers, giving most of it to the executor and to Monroe Fuqua,

and made no provisions in his will for the plaintiff Brown or his wife or children; hence this suit was brought with the result above stated.

At the outset it is insisted that there is no formal assignment of errors and that for this reason the judgment should be affirmed. After an examination of the record we are satisfied that the assignments of errors filed by plaintiff in error are sufficient, although the rule in that respect is not strictly complied with. The plaintiff in error, in his assignment, gave a chronological history of the suit, stating that a motion for a new trial had been made and overruled, and that he had appealed in error. He then stated the various grounds of the motion for a new trial and insisted that the trial court had erred in overruling each ground of his motion. He then took up each ground of the motion for a new trial, and discussed each separately giving his reasons why the trial judge erred, citing the record and the law appertaining thereto. This is done in separate paragraphs although they are not numbered; hence we think that he has sufficiently complied with our rules and the motion to strike the assignment must be overruled. However, attention is called to our rules and attorneys should familiarize themselves with these rules and practice accordingly so that much time and labor may be saved the court.

The first assignment is that there is no evidence to support the verdict. Under this assignment it is insisted that the services were rendered with the understanding that they were to be gratuitous, in the hope or expectation of a devise or legacy, or that some other provision would be made in his will for the plaintiff and his family's benefit, without any contract, express or implied, that he should be paid therefor, and that the parties were near relatives and members of the same family and therefore, the law presumed that the services were gratuitous in the absence of an express agreement to pay for the same.

After a careful examination of the record we are of the opinion that the contentions are not well made, and that there is sufficient competent testimony to show that the services were rendered and their value to support the verdict. In the first place the parties were only brothers-in-law and not members of the same family, and did not live together as one household; hence the principles announced in the cases of Taylor v. Limcumfelter, 1 Lea, 83; Gorrell v. Taylor, 107 Tenn., 568, 64 S. W., 888; 40 Cyc., 2815, and other cases do not apply. Where a brother and sister do not live together in the family relationship there is no presumption that services rendered were gratuitous. 40 Cyc., 2822. In other words, where the parties are not members of the same family, although related, and do not live together as one household, there is no pre-

sumption that the services were gratuitous. Where one requested that services be performed by another and received a benefit therefrom, in the absence of circumstances showing that the services were intended to be rendered gratuitously, there arises an implied contract that he will pay for the same. 40 Cyc., 2808-2810.

Of course where the services were rendered with the understanding that they were to be gratuitous the law does not raise an implied promise to pay. See 40 Cyc., 2812-2813; Hayes v. Cheatham, 74 Tenn., 1; Taylor v. Limcumfelter, supra.

But on the other hand, the evidence not only shows that there was no understanding that the services were to be gratuitous, but it shows that the deceased requested that the services be performed, and promised to see that the parties were well paid in the wind up, and he stated that he would make provisions to this effect in his will, but he neither paid for the services nor made any provision in his will to pay therefor.

Where one renders services to another in the hope or expectation of a legacy, devise, or other provision by will for his benefit, without any contract, express or implied, but relying solely upon the generosity of the person for whom such services were rendered, he cannot recover for such services because of the failure of such person to make such testamentary provision in his behalf, but if there was an express agreement to pay therefor, or circumstances from which one would be implied by law, or where there was an understanding that compensation should be made by will, and if the decedent failed, his estate is liable for the value of the services on a quantum meruit basis. See 40 Cyc., 2813; Hooker v. Peterson, 140 Tenn., 280, 288, 204 S. W., 858; Goodloe v. Goodloe, 116 Tenn., 252, 92 S. W., 767, 6 L. R. A. (N. S.), 703, 8 Ann. Cas., 112; Green v. Orgain, 46 S. W., 477.

A party to the suit may not testify against the executor as to any transaction with or statement by the testator, unless called upon to testify, but a witness may testify as to the condition of his mind and the circumstances surrounding him when he executed the contract with the decedent, and it has also been held that the fact that one of the parties to a contract is dead furnishes no sound reason for not receiving evidence of the intent of the other party as manifested by his declarations. 40 Cyc., 2318-2319; McRae v. Malloy, 93 N. C., 154; Brown v. Brown, 34 Barb (N. Y.), 533.

Hence, as there was competent material evidence to support the verdict, this assignment must be overruled.

The second assignment, that the evidence greatly preponderated against the verdict, is not good in this court and must be overruled. Where there is material evidence to support the verdict,

this court will not weigh the evidence. See Stacy v. Keller, 1 Tenn. Apps., 80-82.·

The third assignment, that the court erred in permitting plaintiff Brown to testify, over defendant's objection, as to the transactions with the deceased, is well taken, but the other part of this assignment, that it was error to permit him to testify as to circumstances tending to establish liability of the deceased, is not well taken, as that does not come within the statute.

Shannon's Code, section 5598 provides:

"In actions or proceedings by or against executors, administrators or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party."

See Pritchard on Wills and Administrations, section 677.

"A 'transaction' within the meaning of the statutes under discussion is an action participated in by witness and decedent, or something done in decedent's presence, to which, if alive, he could testify of his personal knowledge, and the term embraces every variety of affairs, the subject of negotiations, actions or contracts. It has also been said that personal transactions and communications with a person since deceased include every method by which one person can derive any impression or information from the conduct, condition or language of another." 40 Cyc., 2314.

Testimony of the plaintiff as to employment by the decedent, or as to his performance of service for the decedent, is not admissible over defendant's objection. 40 Cyc., 2319.

The testimony by the plaintiff of payment or nonpayment and as to the amount due, is not admissible over defendant's objection. 40 Cyc., 2320-2321; Montague v. Thomason, 91 Tenn., 168, 18 S. W., 264. And a general exception to the testimony as to the transactions with or statements by the testator on account of its incompetency was insufficient, because the rule is so well established that every one is presumed to know the statute. Gibson v. Parkey, 142 Tenn., 99, 104-105, 217 S. W., 647.

In this case the plaintiff was permitted to testify, over defendant's objection, as to the amount of his account filed as exhibit to his declaration, that the same was correct, just, due, owing and unpaid; that no part of the same had been paid. He was also permitted to testify about the labor and services performed. All of this was improper as it came within the above definition of "transactions with and statements by the deceased" and should have been excluded.

Of course where such testimony is admitted, over defendant's objection, he may cross-examine the witness without waiving his objection, and by doing so he does not thereby call upon the witness to testify and the testimony is not rendered admissible. See Bowlen v. Baker, 147 Tenn., 36, 38-39, 245 S. W., 416; Hall v. Harper, 6 Hig., 462; Hale v. Johnson, 140 Tenn., 203, 203 S. W. 949.

But we are of the opinion that the admission of this evidence was harmless error, as the verdict is supported by evidence other than this incompetent evidence. In other words, there was other material, competent evidence to support the verdict, as hereinabove pointed out, and there was no material evidence to the contrary; hence we think his case comes within the rule announced in the case of Hooker v. Peterson, supra. This assignment of error must be overruled.

The fourth assignment of error, that the court erred in allowing Frank Fuqua to testify over defendant's objection about a former will of the deceased, in which he bequeathed $4000 to one of Brown's sons, is not well made for several reasons; first, Frank Fuqua absolutely denied any knowledge of a former will to this effect; second, because the defendant did not object to the questions at the time; and third, because such evidence, if true, might be admissible as a circumstance to show that the deceased intended to pay for the services rendered. One of Brown's sons did testify that Frank Fuqua had told him that the deceased had made a former will in which he proposed to bequeath $4000 to that son, but this evidence was not objected to and no assignment of error is made as to that fact. It results that this assignment of error must be overruled.

The fifth assignment, that the court erred in not charging the jury that the sworn account sued on was not evidence of the indebtedness, as requested by the defendant, is not well made for several reasons, first, because the court's charge sufficiently covered this identical proposition; second, the record does not show that there was any request for fuller instructions; and third, the record does not show that there was any sworn account filed in the record. There was an account filed as a part of the declaration, but it was not sworn to, and the court sufficiently charged the jury that such account could not be treated as evidence. This assignment must be overruled.

It results that all of the assignments of error are overruled, and the judgment of the lower court is affirmed. A judgment will be entered in this court in favor of M. O. Brown against L. A. Fuqua, executor of T. C. Fuqua, deceased, and sureties on the appeal bond, for the amount of the judgment rendered in the lower court, with

interest thereon from December 7, 1927 to the present date, together with the cost of the cause, including the cost of the appeal for all of which execution will issue.

Faw, P. J., and DeWitt, J., concur.