# ELLIS et al. v. CRAVENS.—193 S. W. (2d) 97.

Middle Section.   October 27, 1945.

Petition for Certiorari denied by Supreme Court, March 2, 1946.

W. A. Garrett, of Jamestown, for plaintiffs in error.

Robert F. Turner, of Jamestown, for defendant in error.

HICKERSON, J.   On August 12, 1941, Leroy Ellis, L. J. Tompkins and Orlando Parker executed a note in the sum of $75, payable to J. B. Master, due in six months. The payee transferred the note to H. C. Cravens.

H. C. Cravens brought suit on the note against the makers after maturity.

Defendants filed a special plea in which they alleged. that the note had been paid and discharged.

The case was first tried before a justice of the peace who gave judgment for the full account due on the note. The case was appealed to the circuit court. The circuit judge also gave judgment for the full amount of the note., Defendants appealed in error to this Court.

There is only one question before this Court: Had the note been paid before this suit was bought?

The facts are not in dispute. When this note was due, H. C. Cravens, the owner of it, made demand upon the makers to pay it. H. C. Cravens was an innocent purchaser of the note, and owned it as a holder in due course. Leroy Ellis contacted plaintiff and told him that S. J. Norris of

Elgin, Scott County, Tennessee, had entered into a contract with Ellis whereby it was agreed that Norris would pay this note. Mr. Ellis showed plaintiff a letter which he had received from S. J. Norris which we here quote:

"Elgin, Tenn. March 10th, 1942.

Leroy Ellis,
Armathwaite, Tenn.

Dear Sir:

In answer to your letter in regards to Mr. Cravens having a note against me for $75.00 Dollars, which fell due Feb. 12th., this is the first notice I have had about the note.

You will advise Mr. Cravens to send the note to the Sunbright Bank and I will take up the note.

Yours truly,
S. J. Norris."

Plaintiff sent the note, through his son and agent, Bunch Cravens, to Sunbright Bank & Trust Company for collection together with a copy of the letter which S. J. Norris had written Leroy Ellis in regard to the note.

When this note was received by Sunbright Bank & Trust Company from plaintiff for collection, the president of the bank, John Johnson, notified S. J. Norris that the note was in the Sunbright Bank and that the president had been informed that Norris would pay the note.

Upon being notified that the note was at the Sunbright Bank, Mr. Norris wrote the following letter to the president of the bank:

"S. J. Norris

General Merchandise and Manufacturer of Rough and Dressed Lumber Mills at Rugby Road

Elgin, Tennessee

April 28, 1942

Mr. John Johnson
Sunbright, Tennessee
Dear Sir:

Please pay off the $75.00 note that Mr. Cravens sent you, and charge the amount to my account. Send me the note.

Yours very truly,

S. J. Norris."

Pursuant to the authority of this letter from S. J. Norris, the president of the bank paid the note and charged the same to the account of S. J. Norris. Mr. Norris was a regular customer of the Sunbright Bank. At the time this note was paid and charged to his account he had an account in the bank which was sufficient to pay the note. The note was marked paid in the regular manner by the president of the bank and sent to Mr. Norris. In that manner the funds which were used to pay this note were charged to the individual account of Mr. Norris and credited to the general account of the bank. Remittance was made by the bank to the owner of the note by the following draft which was drawn by the Sunbright Bank & Trust Company on the First National Bank of Harriman, Tennessee:

"Sunbright Bank and Trust Company

87—745, No. 5870 Sunbright, Tenn.

April 28, 1942

Pay to the order of Bunch Cravens Seventy-Seven Dollars and Thirty-Seven Cents ($77.37)

To First National Bank of Harriman, Tennessee, 87—126 (Leroy Ellis Note)

(Signed) John Johnson, Pres. and Cashier.

Endorsed Bunch Cravens, H. C. Cravens, stamped, pay to the order of any bank, bankers, or Trust Company, prior endorsements guaranteed, July 29, 1942.

Sunbright Bank and Trust Company
87—745 Sunbright, Tennessee,
H. C. Brier, Chashier.

Pay to the order of any bank, banker, or Trust Company, previous endorsements guaranteed, July 30, 1942.

Hamilton National Bank,
Chattanooga, Tenn.

N. J. Loder, Cashier.''

This draft was made payable to Bunch Cravens, but the record shows that Bunch Cravens was a son of plaintiff and handled this matter as plaintiff's agent.

This draft was delivered by Bunch Cravens to plaintiff. The president of the bank testified:

''By instruction from Mr. S. J. Norris of Elgin, Tennessee, I was instructed to pay this note and charge it to his account. Since I had notified him that he was expected to pay the note according to my information. So I stamped the note paid and charged it to Mr. Norris' account and mailed same to him. And upon receipt of the note Mr. Norris called me over the phone and refused payment, or refused to pay it, stating that his name was not on the note and that he was not liable. So there was nothing left for me to do except to cancel the paid stamp on the note and ask Mr. H. C. Cravens to return the draft or cashier's check that we had mailed him in payment of the same, which he did. That left the note still unpaid to me.''

Plaintiff contends that he is entitled to recover the full amount of the note from the makers thereof because he has never received payment therefor.

Defendants contend that the note was paid and discharged when the Sunbright Bank paid the note pursuant

to the instruction of Mr. Norris, charged the same.to his account, canceled the note, sent the canceled note to Mr. Norris, and remitted.to plaintiff the proceeds of the collection by the means of its own draft upon another bank.

Code Section 7443 provides: ·

"A negotiable instrument is discharged:

(1) By payment in due course by or on behalf of the principal debtor."

Code Section 7412 provides: "Payment is made in due course when it made at or after the maturity of the instrument to the holder thereof in good faith and without notice that his title is..defective."

█ Payment to the agent of the holder of a note, who is authorized to accept payment, is payment to his principal, the holder. Griswold, Hallett & Persons v. Davis, 125 Tenn. 223, 141 S. W. 205; Gibson v. Parkey, 142 Tenn. 99, 217 S. W. 647.

█ Where a note is sent to a bank for the purpose of collection, the relation of principal and agent is created between the owner of note and the bank for that purpose. 6 Michie on Banks and Banking, 4, section 2; Baldwin's Bank v. Smith, 215 N.Y. 76, 109 N. E. 138, L. R. A. 1918 F., 1089, Ann. Cas. 1917A., 500.

█ A note is paid and discharged under the following conditions: The holder sends the note to a bank for collection. The maker, or some one in his behalf, has an account in the collecting bank which is sufficient to pay the note. Such maker, or some in his behalf, authorizes the bank to charge the note to his account, mark it paid, and sent the note to him. The bank follows the instruction of its depositor, actually makes the transfers, and sends the draft of the bank to the holder of the note as a remittance for the money thus collected.

Nothing is left to be done. The deal is closed. The transaction is complete. Thereafter, the holder must look to the bank, who is his agent, to account for the money thus collected by it in payment of the note. Code Section 7443 (1); 8 Am. Jur. 483-486, Bills and Notes, section 839; 10 C. J. S., Bills and Notes, section 442 c (2), pp. 969, 970; 9 C. J. S., Banks and Banking, section 245, pp. 501, 502.

We think the foregoing conditions in respect to discharge and payment are fully met by the facts of the instant case. The Sunbright Bank was the agent of plaintiff for the collection of this note. The note was paid and discharged when the Sunbright Bank charged the same to the account of S. J. Norris upon his written instruction so to do, he having funds in the bank sufficient to pay the note. Thereafter S. J. Norris was in no position to revoke his former authority to pay the note. The payment and discharge being a complete transaction the bank had no right to set the payment and discharge aside, or to refuse to pay plaintiff the amount which it had received for the note.

We think the trial court was clearly in error. The remedy of plaintiff was to compel the Sunbright Bank, its agent, to account for the amount which it had collected on the note. Defendants cannot be held liable to plaintiff on the note after it has been paid and discharged because plaintiff voluntarily surrendered the right which he had to compel the bank to account for the money which it had collected for him on the note, and for that reason had failed to receive payment of the note.

For the foregoing reasons the assignments of error are sustained and the judgment of the trial court is reversed and plaintiff's suit dismissed with all costs.

Felts and Howell, JJ., concur.