## M. H. RIELLY v. C. B. ENGLISH.

1. WITNESSES.  *Administrators,  Transaction with or statement of deceased.*
   The statute which forbids either party, in an action by or against
   a personal representative, to testify against the other as to any
   transaction with, or statement by the deceased, cannot be extended
   by the courts to cases not within its terms, upon the ground that they
   fall within the evil which was intended to be guarded against.

2. SAME.  *Same.  Same.*  Where, therefore, in an action of replevin, the
   defendant claimed title as the administrator of a deceased intestate,

Rielly *v.* English.

the vendor of the plaintiff is a competent witness to prove the agreement between him and the deceased in relation to the chattel, although the title of the deceased was also claimed to be derived by purchase from the witness.

3· SAME. *Same. Same. Book of accounts.* In such an action, the book of accounts of the deceased, purporting to contain an account in his hand-writing, with the witness, is not admissible as evidence on behalf of the defendant to prove the state of accounts between deceased and the witness, with a view to establish the title of the deceased to chattel sued for.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

L. & E. LEHMAN for Rielly.

SNEED & GREENE for English.

COOPER, J., delivered the opinion of the court.

Action of replevin for a safe, commenced before a justice. Upon the trial in the circuit court, the verdict and judgment were in favor of the defendant, and plaintiff appealed.

Brewer and Stewart had been partners as merchants for about six months, in 1872. After the dissolution of their partnership, Stewart went into business separately, and conducted a store until his death in 1878. The safe in controversy seems to have been originally bought by Brewer before his connection with Stewart. After they separated, in 1873 or 1874, it was sent by Brewer to the store of Stewart, where it remained until his, Stewart's death, in 1878. The plaintiff

claimed under Brewer by sale made in December, 1878, after Stewart's death. The sale, according to the testimony of both Brewer and plaintiff, was for one hundred and fifty dollars, of which eighteen dollars were to be paid in a debt due from Brewer to plaintiff, and the residue when plaintiff got possession of the safe The defendant, who was the administrator of Stewart, claimed that the safe belonged to Stewart, and came to his hands as an asset of his intestate's estate.

The proof of the plaintiff tended to show that the safe belonged to Brewer, and was sold by him to the plaintiff. The proof of the defendant tended to show that Brewer had sold the safe to Stewart, and that he had paid for it. As rebutting evidence, the plaintiff introduced Brewer as a witness, and asked him to state the circumstances under which the safe was removed to Stewart's store, and what the agreement between him and Stewart was in regard to it. The defendant objected to the question, and the court sustained the objection, to which the plaintiff excepted.

The question, it is obvious, went to the very heart of the controversy, and the materiality of the testimony is obvious whatever might be the purport of the answer: *Hogan* v. *State*, 5 Baxt., 615. His Honor's ruling seems to have been based upon the idea that the real parties to the suit were Brewer and the personal representative of Stewart, and that the testimony was inadmissible under the Code, sec. 3813 d. That section is: "In actions or proceedings by or against executors, administrators or guardians,

Rielly *v.* English.

in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with, or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party." But this suit is not against the defendant as administrator of Stewart. It is true, the original summons, affidavit and bond did designate the defendant in his representative capacity, but these words of description, for in the form of action adopted they could only be treated as *discriptio personæ*, were stricken out before the trial by the justice. The suit was, from the first, in legal contemplation, and, after striking out the descriptive words, in form an action against the defendant individually. He might rely in defense upon the title of his intestate, but that would not prevent the plaintiff from proving the contract between Brewer and Stewart in relation to the safe. Nor, it seems, would it have prevented Brewer, if he had been the plaintiff, from testifying to the contract made with the deceased: *Johnson* v. *Hall,* 9 Baxt., 351. The statute cannot be extended by the courts to cases not within its terms, upon the idea that they fall within the evil which was intended to be guarded against: *Hughlett* v. *Conner,* 12 Heis., 86; *Fuqua* v. *Dinwiddie,* 6 Lea, 645.

The defendant, when examined as a witness in his own behalf, produced a book of accounts, which he said he had found among Stewart's books, and proved, over plaintiff's objection, that it contained an account of Brewer in the hand writing of Stewart. And the

court permitted the witness, over the objection of the plaintiff, to introduce the account as evidence. The bill of exceptions only shows that the plaintiff excepted to the question put to the witness, without stating any ground for the objection. It is doubtful whether an objection in that form is sufficient to put the trial court in error: *Garner* v. *State*, 5 Lea, 218; *Fountain* v. *Pettee*, 38 N. Y., 184, *Ward* v. *Kilpatrick*, 83 N. Y. But the testimony offered, if properly objected to, was clearly inadmissible upon general principles: *Callaway* v. *McMillan*, 11 Heis., 588; *Black* v. *Fizer*, 10 Heis., 48; 1 Gr. Ev., sec. 115, *et seq.* It might be admissible to contradict or rectify the testimony of the witnessess of the plaintiff as to the state of accounts between the parties, if identified as the account spoken of by these witnesses, for which purpose it ought, perhaps, to have been first submitted to the witness, at any rate if merely intended to contradict him.

The testimony touching the statements of Brewer's wife in regard to the property in dispute, which were objected to, were admissible if she was shown to have been the general agent of the husband, and the fact of agency was fairly left to the jury upon a proper charge.

Reverse and remand.