MONTAGUE *v.* THOMASON.

*(Nashville.    January· 28, 1892.)*

1. WITNESS.    *Transactions with, and statements by, deceased person that a party may not testify to.*

In suit upon note by the administrators of the payee against the makers thereof, it is not competent to prove by one of the defendants that he had satisfied the note sued on, by sending by mail, or otherwise delivering to the payee, a renewal note and some ·cash, pursuant to instructions and authority contained in a letter of the payee, which had been received by the defendants, and unintentionally lost or mislaid.

Code construed: §§4563, 4565 (M. & V.); §§3813*c*, 3813*d* (T. & S.).

Cases cited and approved : Key *v.* Holloway, 7 Bax., 579; Hill *v.* Mc-Lean, 10 Lea, 115; Jones *v.* Waddell, 12 Heis., 338.

2. SAME.    *May prove existence and loss of letter.*

But a defendant may, in such case, state that he had a letter from plaintiff's intestate, and that it is lost; but he cannot testify to its contents.

Case cited and approved: Mason *v.* Spurlock, 4 Bax., 563.

3. SAME.    *Competency of agent of living party.*

And in such case the agent of the defendants, if not himself sued, may testify on behalf of his principals to any transactions he may have conducted for them with plaintiff's intestate, and to any state‑ments the deceased made in his presence.

Cases cited and approved : McBrien *v.* Martin, 87 Tenn., 13 ; Fuqua *v.* Dinwiddie, 6 Lea, 645; Reiley *v.* English, 9· Lea, 19; Kelton *v.* Jacobs, 5 Bax., 574; Hudgins *v.* Fanning, 4 Bax., 578.

Cited and distinguished : Cottrell *v.* Woodson, 11 Heis., 681.

4. SUPREME COURT.    *Affirms judgment in law cause based in part upon incompetent evidence, when.*

This Court will affirm judgment in a law cause determined by the lower Court without the intervention of a jury, although incompetent evi-

dence was admitted over objection and considered on the trial, if it appears, upon a survey of the entire record, that the judgment is correct upon the competent evidence, after excluding from consideration all the incompetent evidence.

Cases cited and approved: Wheeler *v.* State, 9 Heis., 393; Fogg *v.* Gibbs, 8 Bax., 469; Smith *v.* Hubbard, 85 Tenn., 306.

FROM WAYNE.

Appeal in error from Circuit Court of Wayne County.   E. D. PATTERSON, J.

JNO. F. MONTAGUE and PITTS & MEEKS for Montague.

R. A. HAGGARD for Thomason.

CALDWELL, J.   This is an action on a promissory note.   The Circuit Judge tried the case without a jury, and rendered judgment for defendants.   Plaintiffs appealed in error.

The note sued on is as follows:

"$158.00.   On or before the twenty-fifth day of December next we, or either of us, promise to pay to the order of A. T. Hossell one hundred and fifty-eight dollars, for value received.

"This January 24, 1889.

"S. J. THOMASON,
"R. T. CHAPPELL,
"F. M. THOMASON,
"W. L. BELL, SEN."

A. T. Hossell, the payee, died testate, and his executors, Montague and Buchanan, finding the note among the valuable papers of their testator, brought this suit against the makers to enforce collection.

Defendants admit the execution of the note, but insist that it was paid to the testator by the execution of another note in renewal thereof. The alleged renewal note is in these words and figures:

"$158.00.        WAYNESBORO, TENN., Dec. 25, 1889.

"Twelve months after date we promise to pay to the order of A. T. Hossell one hundred and fifty-eight dollars, value received.

"S. J. THOMASON,

"F. M. THOMASON,

"R. T. CHAPPELL,

"W. L. BELL."

This note also came to the hands of the plaintiffs as an asset of their testator, and was by them collected from the defendants before the commencement of this suit.

The evidence introduced by defendants, if competent, clearly established their contention, and justified the judgment of the trial Judge. Plaintiffs insist, however, that all the evidence tending to show payment by renewal was incompetent, and that its admission over their objection was improper and erroneous.

Defendant F. M. Thomason went on the stand in his own behalf and testified, over objection, that he received a letter (which he had lost) from A.

T. Hossell, authorizing a renewal of the note sued
on by prepayment of interest and execution of
another note for same amount and signed by same
persons, and promising to send him, as satisfied,
the note sued on, when the renewal note should
be delivered; that he (Thomason), in pursuance
of that letter, caused the second note above set
out to be executed in payment and renewal of
the note sued on, and sent it, with the interest,
to Hossell by mail; that for some reason unknown
to him, Hossell failed to send him the renewed
and satisfied note as promised in the letter.

Though Thomason was not disqualified to speak
as a witness by the mere fact of being a party
to the suit (Code (M. & V.), § 4563; *Key* v. *Hol-
loway*, 7 Bax., 579; *Hill* v. *McLean*, 10 'Lea, 115;
*Jones* v. *Waddell*, 12 Heis.; 338), he was incompe-
tent to testify " as to any transaction with or
statement by" Hossell, testator of plaintiffs. The
language of the statute is as follows:.

" In actions or proceedings by or against ex-
ecutors, administrators, or guardians, in which
judgments may be rendered for or against them,
neither party shall be allowed to testify against
the other as to any transaction with or statement
by the testator, intestate, or ward, unless called to
testify thereto by the opposite party." Code,
§ 4565.

Obviously the disqualification extends to and
embraces every *transaction with or statement by* the
deceased, whatever be its nature, and whether oral

or in writing, the prime object being to put litigant parties upon equal footing in the Courts, and prevent the living from testifying against the dead. The testimony of Thomason includes both a *transaction with* and a *statement by* the deceased, and, consequently, is doubly incompetent—within the prohibition of the statute in a two-fold sense. He testifies to the extinguishment of the note sued on by the execution and delivery of another note in its stead. If that was not a transaction, it would indeed be impossible to state what would constitute a transaction between the maker and payee of a note. Having been participated in by both of them, as parties in interest, it was manifestly a *transaction* by the witness *with* the deceased; and *vice versa.* As an important link in the transaction, Thomason details the proposition made by Hossell, the contents of his letter, which of necessity was a statement by the deceased, if written or authorized by him.

That the exchange or novation of notes was accomplished by means of written correspondence between the parties signifies nothing in determining the competency or incompetency of Thomason's testimony. A written transaction with or statement by a deceased person is no more a matter about which the adverse party may testify than a verbal transaction or statement. The statute makes no distinction. Its prohibition, on the contrary, is general, not limited to transactions and statements of one kind or the other, but comprehend-

ing both. No transaction with or statement by a deceased person is excepted, but all such are included; hence, the only way to reach a construction different from that herein announced would be through the unwarranted assumption that the words *statement* and *transaction*, in their proper use, relate alone to things said and done verbally. Webster defines a transaction as "the doing or performing of any business; the management of an affair." Effecting the novation of notes, whether by word of mouth or through written correspondence, is, unquestionably, the doing or performing of a matter of business, the management of an affair; therefore, it is a transaction, whether accomplished by the one mode or the other.

The same author defines statement thus: "The act of stating, reciting, or presenting, verbally or on paper."

To limit the disqualification to verbal transactions and statements would do the greatest violence to both the letter and spirit of the statute, and place the estates of dead persons, which it was designed to protect, at the mercy of corrupt parties. Even doubtful language would be so construed as to avoid such a result.

Preliminary to the introduction of other proof, it was competent for Thomason to state, as independent facts, that he at a particular time possessed a written instrument or letter, and that it had been unintentionally lost (see intimation to this effect in *Mason* v. *Spurlock*, 4 Bax., 563);

but if claimed to have been written by Hossell, deceased, he was not competent to testify as to its contents, or to prove by his own oath what he did in response thereto.

R. T. Chappell, another defendant, testified, in general terms, that the note in suit was paid in the life-time of Hossell by the execution of the second note, herein described, in renewal thereof. This evidence should have been rejected. The novation stated by the witness was so clearly a *transaction* with the deceased, and the testimony so plainly within the prohibition of the statute, as not to admit of discussion or elaboration.

Will Thomason, a son of Defendant F. M. Thomason, was also introduced by the defendants. He testified that he went to see Mr. Hossell, at the instance of defendants, and inquired if he was willing for them to renew the note sued on; that Mr. Hossell said he was willing to the desired renewal, and would wait on the defendants one year longer for the final payment of the debt if they would prepay the interest and put the same parties on the new note; that he told witness, at the same time, that he would send the new note to F. M. Thomason by mail, to be properly signed and returned, after which he (Mr. Hossell) would surrender the old note.

Though objected to, this evidence was properly received, being both competent and relevant. The contention that it was incompetent because the interview occurred while the witness was acting as

agent of the defendants is unsound. The statute applies alone to *parties* to the litigation. Even persons directly interested in the result of the suit (as this witness was not), are not precluded from testifying, if not *parties.* *McBrien* v. *Martin,* 3 Pickle, 13; *Fuqua* v. *Dinwiddie,* 6 Lea, 645; *Rielly* v. *English,* 9 Lea, 19; *Kelton* v. *Jacobs,* 5 Bax., 574; *Hudgins* v. *Fanning,* 4 Bax., 578.

The assumption that the agent is disqualified whenever his principal, if representing himself, would have been within the prohibition of the statute, is not justified by the case of *Cottrell* v. *Woodson,* 11 Heis., 681. It is true that the Court held in that case that a contract with the son, as agent of his father, was a transaction with the father, and, therefore, that the other party to the contract could not give testimony with respect to it in a suit between himself and the personal representative of the father; but the rejected witness was a *party* to the litigation. Had he not been so, he could not properly have been denied the privilege of testifying. Two things must concur to bring a case within the operation of the statute, and authorize the rejection of the evidence: (1) The proposed witness must be a *party* to the suit in such way that judgment may be rendered for or against him; and (2) the subject-matter of his testimony must be some "transaction with or statement by the testator, intestate, or ward."

The witness, Will Thomason, testified further that he saw, in his father's possession, a letter

from Mr. Hossell, which stated, in substance, the same thing he (Mr. Hossell) had previously told witness about the proposed exchange of notes.

Objection to this evidence was properly overruled—first, because it was allowable to prove the contents of the letter by one not a party to the litigation, after its loss had been shown; and, secondly, because the objection was general.

The note produced by defendants, and shown to have been paid by them to the plaintiffs, as executors of Hossell, is precisely such a note as this witness says Hossell requested in renewal of the note sued on in this case, being for the same amount, signed by the same persons, due in twelve months, and dated as of the day the other note matured.

There is some other circumstantial evidence on both sides of the issue, but nothing else so potent as facts and circumstances already mentioned.

Considering only the competent evidence found in the record, and disregarding that which is incompetent, as is the practice of this Court when the case has been tried below without a jury (*Wheeler* v. *State*, 9 Heis., 393; *Fogg* v. *Gibbs*, 8 Bax., 469; *Smith* v. *Hubbard*, 1 Pickle, 306), we reach the same conclusion the honorable trial Judge did, and affirm his judgment, with costs.