**In the Matter of the ESTATE OF Elizabeth Lucille PRITCHARD, Deceased.**

**Elizabeth Louise SPILLER, Administratrix-Appellee,**

v.

**McDONALD, KUHN, SMITH, MILLER, AND TAIT, Attorneys, Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Nov. 26, 1986.

Application for Permission to Appeal Denied June 29, 1987.

John T. Wilkinson, III, Memphis, for administratrix-appellee.

Crawford McDonald, Memphis, for appellants.

CRAWFORD, Judge.

This appeal involves the application of the Deadman's Statute, T.C.A. § 24–1–203 (1980).

Appellant, McDonald, Kuhn, Smith, Miller and Tait, a partnership, filed a claim against the Estate of Elizabeth Lucille Pritchard, deceased, for legal services rendered by the partnership to the deceased. Appellee, the administratrix of the estate, filed an exception to the claim in which she denied that certain of the services specified in the claim were performed for the decedent, that there was no contractual relationship with the decedent, and that she was unable to ascertain the validity of the time allegedly expended by plaintiffs. On April 7, 1986, the Probate Court of Shelby County entered an order sustaining the exception to the claim which we quote:

This cause came on to be heard upon the claim of McDonald, Kuhn, Smith, Miller and Tait, a law firm, filed against the estate of Elizabeth Lucille Pritchard on October 31, 1985, and entered on Claim Book 27, Page 329 of the records of the Clerk of the Probate Court of Shelby County, Tennessee, and upon the exception filed by the Administratrix of the estate objecting to the claim in its entirety. The Court having scheduled the matter for a full hearing, considered the Memorandum briefs filed by both parties and statements of counsel, along with the testimony of the claimant's witness, Donnell J. McCormack, Jr., a former associate attorney of claimant, together with the entire record in the cause, and is of the opinion, and so finds, making specific findings of fact as follows:

1. That a verified claim in the amount of $9,500.00 was filed against the estate on October 31, 1985, by the law firm of McDonald, Kuhn, Smith, Miller and Tait, representing unpaid legal services performed by them for the decedent;

2. That the said law firm is, and at all times pertinent to the claim herein, a partnership with its offices at 81 Monroe Avenue, Memphis, Tennessee;

3. That Donnell J. McCormack, Jr., was at all times pertinent to the claim concerning the particular legal services rendered to the decedent, a duly licensed attorney of the Tennessee Bar Association and an associate (non-partner) member of the firm;

4. That no documentary evidence was proffered by the claimant to lay the foundation for the existence of an enforceable contractual relationship between the claimant and the decedent;

5. That Donnell J. McCormack, Jr., is to be considered, for the purposes of this proceeding, the agent of the law firm of McDonald, Kuhn, Smith, Miller and Tait, he having been the attorney who performed the services for the decedent as an employee member of the firm and subject to the supervision of a senior partner, Crawford McDonald;

6. That Donnell J. McCormack, Jr., received as his compensation as an associate member of the law firm, a salary together with a percentage of the income resulting from certain business which he personally brought into the firm; the subject claim not being one to which a percentage would apply;

7. That Donnell J. McCormack, Jr., terminated his employment with the law firm on January 1, 1984, in order to take a position as a corporate attorney with Holiday Inns, Inc.

That based upon the foregoing findings of fact, the Court makes the following conclusion of law:

a. That no partner or associate attorney of the law firm of McDonald, Kuhn, Smith, Miller & Tait who was in such capacity at the time of the events supporting the claim or thereafter is allowed to testify as to any statement made by, or transaction with the decedent, in an effort to substantiate the contractual re-

lationship between the firm and the decedent because of the timely objection to the proferred testimony made by the Administratrix on the grounds that such is barred from introduction based upon the incompetency of the witness because of the operation and effect of the Dead Man's Statute as enacted in the State of Tennessee and codified at TCA § 24-1-203;'

b. That Donnell J. McCormack, Jr., because of the integral relationship that he had with the law firm, is to be held to the same standards as those with the law firm, and is also incompetent to testify as to statements made by or his transactions with the decedent;

c. That in the absolute absence of admissible evidence substantiating the existence and terms of a contractual relationship between the claimant and the decedent, the exception should be sustained, and the claim denied in its entirety.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the exception filed herein to the claim of McDonald, Kuhn, Smith, Miller and Tait be, and it is hereby sustained, and the claim of the law firm is thereby denied in its entirety, to all of which the claimant, McDonald, Kuhn, Smith, Miller and Tait, respectfully excepts and hereby reserves its right to pray an appeal on all issues presented herein.

■ The issue appellant presents for review is whether the Probate Court erred in holding that the testimony of a former employee-attorney offered to prove the contract and the services performed was incompetent under the Deadman's Statute.

The case comes to this court in a somewhat unusual posture. We have no transcript or statement of the evidence. The order of the court recites that appellant's former employee testified concerning legal services performed for the decedent. There is no finding concerning the contract between the decedent and the law firm as to the services to be performed. It is implicit from the order that the trial court ruled the testimony of the appellant's for-

mer associate incompetent by virtue of T.C.A. § 24-1-203. We do not have the testimony preserved for review by this Court, but in this case we do not feel it is necessary since the Probate Court ruled as a matter of law that the testimony of appellant's former employee was incompetent. For comparison see *City of Nashville v. Drake,* 199 Tenn. 1, 281 S.W.2d 681 (1955). Therefore, we will consider the legal issue presented by appellant.

T.C.A. § 24-1-203 (1980) provides:

24-1-203. *Transactions with decedent or ward.*—In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party. Provided, if a corporation be a party, this disqualification shall extend to its officers of every grade and its directors.

■ The statute cannot be extended by the courts to cases not within its terms upon the idea that they fall within the evil which was intended to be guarded against. *Rielly v. English,* 77 Tenn. 16 (1882), *Hughlett v. Conner,* 59 Tenn. 83 (1873).

Two things must concur to bring a case within the operation of the statute and authorize the rejection of the evidence: (1) the proposed witness must be a party to the suit in such a way that judgment may be rendered for or against him; (2) the subject matter of his testimony must be of some transaction with or statement by the testator or intestate. *Montague v. Thomason,* 91 Tenn. 168 (1892).

In *Montague,* an objection was made to the testimony of an agent of defendant concerning his conversation with plaintiff's decedent. In holding the evidence properly admitted, our Supreme Court said:

The contention that it was incompetent because the interview occurred while the witness was acting as agent of the defendants is unsound. The statute applies alone to *parties* to the litigation. Even persons directly interested in the result

of the suit (as this witness was not) are not precluded from testifying, *if not parties.*

*Id.* at 174–75.

In *Poole v. First National Bank of Smyrna,* 29 Tenn.App. 327, 196 S.W.2d 563 (1946), the appellant complained *inter alia* that the trial court erred under the Deadman's Statute in allowing the cashier and the former assistant cashier of the bank to testify concerning statements by the decedent. The court stated:

> It was not error to admit this testimony, neither of the witnesses being a party to the suit. Code, § 9780 prevents a "party" to a suit by or against the representative of a decedent from testifying to a transaction with or a statement by the decedent, but it does not prevent other witnesses from testifying to such a transaction or statement. *Montague v. Thomason,* 91 Tenn. 168, 175, 18 S.W. 246.
>
> The fact that the cashier was a stockholder, interested in the result, and had handled the transaction as agent for plaintiff did not disqualify him to testify to such transaction or statements by decedent. (citations omitted).

*Id.* at 566.

In 1947 after the *Poole* decision, the statute was amended to extend the disqualification to include officers and directors of corporations. Chapter 88, Public Acts (1947). We think it is significant that the legislature did not see fit to extend the disqualification to all agency categories.

In the case before us, the trial court found as a fact that the proposed witness was the agent of the appellant law firm at the time services were performed for the decedent and that this employment with the law firm terminated prior to his testimony in this case. It is clear that the witness is not a party to the litigation. Since the proposed witness is not a party to the cause for or against whom a judgment may be rendered he is not incompetent as a witness.

Accordingly, the judgment of the probate court is reversed, and this case is remanded for such further proceedings as are necessarily consistent with this opinion. Costs are adjudged against the appellee.

TOMLIN, P.J.(W.S.), NEARN (Retired), J., concur.