IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 12, 2013 Session

# IN RE: ESTATE OF BUFORD TAYLOR, DECEDENT, ET AL. v. SUNTRUST BANK, SUCCESSOR TRUSTEE

**Appeal from the Circuit Court for Davidson County**
**No. 11P1732      Randy Kennedy, Judge**

_____

**No. M2012-02628-COA-R3-CV- Filed October 22, 2013**

_____

Gerald Huffman and Dorothy Jean Riley Hale ("Petitioners") filed suit seeking to terminate the testamentary trust of Buford Taylor ("the Trust") and have the remaining assets distributed. Petitioners filed a motion for summary judgment asserting, in pertinent part, that contingent remainder beneficiary Tommy Hamer previously had received an advancement of his portion of the Trust, and therefore, his heirs were not entitled to any further distribution from the Trust. After a hearing, the Trial Court granted the motion for summary judgment after finding and holding, *inter alia*, that an affidavit given by Sherrie Hamer was not properly before the court, and that Tommy Hamer previously had received an advancement of his portion of the Trust and, therefore, his heirs were not entitled to any portion of the remaining Trust assets. The heirs of Tommy Hamer appeal the grant of summary judgment to this Court. We find and hold that neither Tenn. Code Ann. § 24-1-203 nor Tenn. Code Ann. § 29-2-101 bars consideration of the affidavit of Sherrie Hamer, and that there are genuine issues of material fact precluding a grant of summary judgment. We, therefore, reverse the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, JJ., joined.

Donald Capparella and Candi Henry, Nashville, Tennessee, for the appellants, Julie Frankenfield, Thomas Hamer, Jr., Carole Ann Hamer, and Mary Elizabeth Hamer.

Mary Beth Boone, Brunswick, Georgia, and P. Brocklin Parks, Nashville, Tennessee, for the appellees, Gerald Huffman and Dorothy Jean Riley Hale.

## OPINION

## Background

Buford Taylor died testate in 1977 leaving an estate that included hundreds of acres of real property located in Davidson County, Tennessee ("the Farm"). The Last Will and Testament of Buford Taylor created the Trust, which contained the Farm, and appointed Buford Taylor's wife, Mary Ann Taylor, as trustee. The Trust contained provisions for the care and custody of Buford Taylor's disabled grandson, Thomas Taylor, Jr., and named Tommy Hamer, Gerald Huffman, Gene Riley[1], Candy Lynn Hammers, and Lewis William Hammers, Jr. as contingent beneficiaries.

As best as we can tell from the record on appeal, and to place the parties into the context of their relationships, we note the following: Mary Ann Taylor was the wife of Buford Taylor. Mary Ann Taylor's sister, Carrie Elizabeth Hamer Stamps, was the mother of Gerald Huffman, Dorothy Jean Riley Hale, Thomas Hamer, and Mary Hamer Hammers Kinle. Two contingent beneficiaries of the Trust, Candy Lynn Hammers (Ferguson) and Lewis William Hammers, Jr., are children of Mary Hamer Hammers Kinle.

In 1980, while acting as trustee of the Trust, Mary Ann Taylor transferred approximately eighteen acres of the Farm to Tommy Hamer and his then wife Sherrie Hamer. In 1986, Mary Ann Taylor sold the remainder of the Farm to C. Hooper Development Company and retained a life estate for herself in approximately four acres. Around the same time as Mary Ann Taylor sold the property to C. Hooper Development Company, Tommy Hamer and Sherrie Hamer sold the eighteen acres of the Farm in their name to C. Hooper Development Company. Tommy Hamer and Sherrie Hamer were divorced in 1989, and Tommy Hamer died in 1991. Tommy Hamer's heirs include Julie Frankenfield, Thomas Hamer, Jr., Carole Ann Hamer, and Mary Elizabeth Hamer ("the Hamer Heirs"). Mary Ann Taylor died in July of 2011.

In November of 2011, Petitioners filed this suit seeking to terminate the Trust and distribute the remaining assets. Candy Lynn Hammers (Ferguson) was granted leave to intervene in the suit on her own behalf and as next friend and substitute conservator of Thomas Taylor, Jr. The Hamer Heirs also were granted leave to intervene in the suit.

Petitioners filed a motion for summary judgment alleging, in pertinent part, that Tommy Hamer previously had received an advancement of his portion of the Trust assets

---

[1]It appears from the record on appeal that the Gene Riley named in the Last Will and Testament of Buford Taylor is Dorothy Jean Riley Hale.

when Mary Ann Taylor transferred the portion of the Farm to Tommy Hamer and Sherrie Hamer in 1980. Petitioners asserted that because Tommy Hamer had received this advancement his heirs were not entitled to receive any of the remaining Trust assets. Candy Lynn Hammers (Ferguson) filed a response to the motion for summary judgment stating: "Since the motion for summary judgment does not affect the property rights and trust of the ward Tommy Taylor, or affect the conservator's management and care of the ward, the conservator Candie[2] Lynn Hammers Ferguson takes NO POSITION on the petitioners' motion for summary judgment." The Hamer Heirs opposed the motion for summary judgment and filed, among other things, an affidavit of Sherrie Hamer, which, among other things, provided details about Mary Ann Taylor's transfer of the portion of the Farm to Tommy Hamer and Sherrie Hamer in 1980.

After a hearing the Trial Court entered its order on October 29, 2012 granting Petitioners' motion for summary judgment after finding and holding, *inter alia*:

1. Buford Taylor established a Trust in his Last Will and Testament for the care and maintenance of his wife, Mary Taylor;
2. Following the death of Buford Taylor, and consistent with the terms of his Will, Mary Taylor was named the Trustee of the Buford Taylor Trust;
3. Buford Taylor directed, at the death of Mary Taylor, One Hundred Fifty Thousand Dollars ($150,000.00) remain in the Trust for the maintenance and support of Thomas Taylor, Jr.;
4. The balance of the Trust was to be distributed to the following persons or their descendants, *per stirpes*, in the following proportions:

| | |
|---|---|
| Tommy Hamer | 30% |
| Gerald Huffman | 30% |
| Gene Riley[3] | 30% |
| Candy Hammers | 5% |
| Lewis William Hammers, Jr. | 5% |

[2]At times within the record on appeal, and on documents filed by her own attorney, Candy Lynn Hamers (Ferguson)'s name is spelled as "Candy" and at other times as "Candie." We are unable to determine from the record now before us the correct spelling. For purposes of simplicity, we utilize the spelling that appears in the Last Will and Testament of Buford Taylor with the exception that we utilize the spelling that appears in the original when quoting from the record.

[3] Dorothy Jean (Riley) Hale, [sic] is identified in the Will and documents related thereto as "Gene Riley."

5.  In 1980, Mary Taylor conveyed 18 acres to Tommy Hammer [sic] and his wife Sherry [sic] Hamer for $18,000.00; however, no money was paid for the property;

6.  Mary Taylor had no authority to gift the 18 acres from the Trust property;

7.  By affidavit, Sherry [sic] Hamer proffered that labor and care performed by her and Tommy Hamer constituted $18,000.00 in consideration; however, there was no contract executed providing that the $18,000.00 be paid for in the form of labor and care;

8.  Per deed recorded on January 3, 1986, Tommy Hamer and Sherry [sic] Hamer then *sold* the property conveyed by Mary Taylor, Trustee, for $345,294.00;

9.  Mary Taylor died on July 31, 2011 and was predeceased by Trust beneficiary Tommy Hamer;

10.  The affidavit of Sherry [sic] Hamer is not properly before the Court and cannot be considered;

11.  The 18 acres of Trust property was conveyed to Tommy and Sherry [sic] Hamer without consideration;

12.  Tommy Hamer is the only beneficiary to receive any benefit from the Trust;

13.  The 18 acres of Trust property conveyed to Tommy and Sherry [sic] Hamer was an advancement of Tommy Hamer's Trust apportionment;

14.  The doctrine of "Laches" is inapplicable to the facts in this matter;

WHEREFORE, based on the pleadings and arguments and statements of counsel at the hearing of the Petitioners' Motion for Summary Judgment before this Court, the Court finds there are no facts that, in a light most favorable to the Intervenors, would create a genuine issue material to the outcome of this matter. The Court further finds that the Intervenors can produce no evidence to create a genuine issue of material fact. Therefore the Court finds the Motion is well-taken and hereby ORDERS:

1. That Tommy Hamer received an advancement of his interest set forth in the Testamentary Trust of Buford Taylor and is not entitled to any portion of the remaining Trust assets;

* * *

5. That SunTrust distribute the remaining assets of the Trust (after payment of the Trust's expenses other than those specified in paragraph 2 above) as follows:

-4-

| Gerald Huffman | 43% |
| Gene Riley | 43% |
| Candy Hammers | 7% |
| Lewis William Hammers, Jr. | 7% |

(footnote in original but renumbered).  The Hamer Heirs appeal the grant of summary judgment to this Court.

## Discussion

Although not stated exactly as such, the Hamer Heirs raise two issues on appeal: 1) whether the Trial Court erred in excluding the affidavit of Sherrie Hamer; and, 2) whether the Trial Court erred in granting summary judgment to Petitioners.

We first consider whether the Trial Court erred in excluding the affidavit of Sherrie Hamer.  As this Court explained in *Delapp v. Pratt*:

Issues regarding admission of evidence in Tennessee are reviewed for abuse of discretion. *Dickey v. McCord*, 63 S.W.3d 714, 723 (Tenn. Ct. App. 2001). "[T]rial courts are accorded a wide degree of latitude in their determination of whether to admit or exclude evidence, even if such evidence would be relevant." *Id*.  Our Supreme Court discussed the abuse of discretion standard in *Eldridge v. Eldridge*, stating:

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made."  A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining."  The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

Appellate courts ordinarily permit discretionary decisions to stand when reasonable judicial minds can differ concerning their soundness. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999).  A trial court's discretionary decision must take into account applicable law and be consistent with the facts before the court. *Id*.  When reviewing a discretionary decision

-5-

by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Id*.

*Delapp v. Pratt*, 152 S.W.3d 530, 538 (Tenn. Ct. App. 2004).

The Statement of the Evidence approved by the Trial Court states that the Trial Court found that the affidavit of Sherrie Hamer "is barred by the Dead Man's Act, and the Statute of Frauds." We will address in turn each of these stated reasons for excluding Sherrie Hamer's affidavit.

In pertinent part, Tenn. Code Ann. § 24-1-203, known as the Dead Man's statute, provides:

> **24-1-203. Transactions with decedent or ward – Dead man's statute.** –
> In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party. If a corporation is a party, this disqualification shall extend to its officers of every grade and its directors.

Tenn. Code Ann. § 24-1-203 (2000).

With regard to the Dead Man's statute, this Court has explained:

> Two things must concur to bring a case within the operation of the statute and authorize the rejection of the evidence: (1) the proposed witness must be a party to the suit in such a way that judgment may be rendered for or against him; (2) the subject matter of his testimony must be of some transaction with or statement by the testator or intestate.

*In re: Estate of Pritchard*, 735 S.W.2d 446, 448 (Tenn. Ct. App. 1986). Furthermore, in *Baker v. Baker*, this Court explained:

> Having in mind that the general purpose of the [Dead Man's] statute undoubtedly is to protect the estates of decedents from fraudulent and fictitious claims and the strict construction adopted by our court against the exclusion of the testimony, we think it a reasonable view that the statute does not contemplate a proceeding, the result of which can neither increase nor

diminish the assets of the estate but concerns only the manner in which the assets will be distributed. In such a proceeding an executor or administrator is not concerned with the merits of the claims of rival claimants in the sense that he should prefer one over the other, but is concerned only with seeing that the assets are properly distributed, either according to the will or the statute, whichever may be held to be the proper criterion.

*Baker v. Baker*, 142 S.W.2d 737, 744 (Tenn. Ct. App. 1940) (discussing a previous iteration of the Dead Man's statute).

The proposed witness, Sherrie Hamer, is not a party to this suit. Sherrie Hamer has no interest in the Trust since she and Tommy Hamer were divorced in 1989. Furthermore, we note that Sherrie Hamer's affidavit does not address communications with Buford Taylor, the creator of the Trust. Rather, Sherrie Hamer's affidavit speaks about communications with Mary Ann Taylor, who is not the testator in this suit seeking to terminate the Trust. Additionally, the evidence proffered in the affidavit of Sherrie Hamer can "neither increase nor diminish the assets of the estate but concerns only the manner in which the assets will be distributed." *Id*. For all of these reasons, we hold that the Trial Court erred as the Dead Man's statute does not bar consideration of the affidavit of Sherrie Hamer.

Next, we consider whether the Statute of Frauds bars consideration of the affidavit of Sherrie Hamer. The statute of frauds, Tenn. Code Ann. § 29-2-101, provides, in pertinent part:

**29-2-101. Writing required for action.**

(a) No action shall be brought:

* * *

(4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year; or
(5) Upon any agreement or contract which is not to be performed within the space of one (1) year from the making of the agreement or contract; unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party. In a contract for the sale of lands, tenements, or hereditaments, the party to be charged is the party against whom enforcement of the contract is sought....

Tenn. Code Ann. § 29-2-101 (2012).

Importantly, in the case now before us, the contract[4] for the transfer of land, i.e., the portion of the Farm transferred many years ago to Tommy Hamer and Sherrie Hamer, was between Mary Ann Taylor as trustee of the Trust and Tommy Hamer and Sherrie Hamer. No party to the contract seeks either to avoid or to enforce this contract, and no party to the contract raises the statute of frauds as a defense to this contract. In this case, it is a third party who attempts to invoke the statute of frauds, and even so, the party attempting to invoke the statute of frauds does not do so in an attempt either to enforce or to avoid the contract.

The law is well settled that "a third party cannot object to enforcement of the contract by raising the statute of frauds." *Anderson v. Hacks Crossing Partners*, 3 S.W.3d 482, 486 (Tenn. Ct. App. 1999). *See also, e.g., Culwell v. Culwell*, 133 S.W.2d 1009, 1012 (Tenn. Ct. App. 1939); *2850 Parkway Gen. P'ship v. Scott*, No. E2010-02413-COA-R3-CV, 2012 Tenn. App. LEXIS 4, at *15 (Tenn. Ct. App. Jan. 5, 2012), *no appl. perm. appeal filed*. We hold that the Trial Court erred as the statute of frauds does not apply to bar consideration of the affidavit of Sherrie Hamer.

Although the Trial Court did not exclude the affidavit based upon hearsay or any lack of personal knowledge, Petitioners argue on appeal that the affidavit of Sherrie Hamer is not based on her personal knowledge and "contained 'inadmissible evidence, evidence barred by the statute of frauds, the Deadman's statute, and **multiple hearsay objections,**' as briefed and argued at the hearing on the dispositive motion." (emphasis in original). The record on appeal does not contain a transcript of the hearing on the motion for summary judgment. We have carefully and thoroughly reviewed the affidavit of Sherrie Hamer and have determined that while portions of it may not be based on her personal knowledge or may contain inadmissible hearsay[5], the affidavit also contains admissible evidence, which properly should have been considered.

As neither the Dead Man's statute nor the statute of frauds operates to bar the affidavit of Sherrie Hamer, it was error to exclude the affidavit on those grounds. As the

---

[4]We need not and do not in this Opinion reach any decision as to whether the 1980 property transfer was part of a purported contract or whether it instead was an advancement to Tommy Hamer of his interest in the Trust. Likewise, we make no determination as to whether there was such a contract. For purposes of simplicity only, we refer to the purported contract as a "contract."

[5]In their brief on appeal, Petitioners provide a list of the paragraphs in the affidavit which they assert contain hearsay. We do not necessarily agree that all of these listed paragraphs contain inadmissible hearsay, but need not address this issue in this Opinion.

affidavit, at least in part, is based upon Sherrie Hamer's personal knowledge and contains admissible evidence, it was error to exclude the affidavit in its entirety either for lack of personal knowledge or for inadmissible hearsay. We, therefore, will consider whether the Trial Court erred in granting summary judgment taking into account the affidavit of Sherrie Hamer.

Our Supreme Court reiterated the standard of review in summary judgment cases[6] as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd*

---

[6]Although this case was filed after July 1, 2011, we do not apply the summary judgment standard set forth in Tenn. Code Ann. § 20-16-101 because Petitioners as the moving party bear the burden of proof at trial on the relevant issues. *See* Tenn. Code Ann. § 20-16-101 (Supp. 2012) (stating: "In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it: ….").

*v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

In their motion for summary judgment, Petitioners argued that Tommy Hamer previously had received an advancement of his portion of the Trust in the form of the portion of the Farm transferred to Tommy Hamer and Sherrie Hamer by Mary Ann Taylor in 1980, and, therefore, the Hamer Heirs were entitled to no distribution of the remaining Trust assets. As Petitioners made a properly supported motion, the burden shifted to the Hamer Heirs to establish a genuine issue of material fact.

The Hamer Heirs opposed the summary judgment motion and filed, among other things, the affidavit of Sherrie Hamer, which, in pertinent part, discussed the 1980 transfer of the portion of the Farm. The Hamer Heirs also filed a copy of the 1980 deed from Mary Ann Taylor to Thomas Hamer and Sherrie Hamer, which recites, in pertinent part: "The actual consideration or value whichever is greater, for this transfer is $18,000.00." The affidavit of Sherrie Hamer contains admissible evidence which creates genuine issues of material fact as to whether the transfer to Tommy Hamer and Sherrie Hamer was an advancement of Trust assets, or a contractual transfer supported by consideration, or a contractual transfer made pursuant to the trustee's powers under the Trust to partition or sell the land for the maintenance and support of Mary Ann Taylor and Thomas Taylor, Jr.

As there are genuine issues of material fact regarding whether the transfer of the portion of the Farm to Tommy Hamer and Sherrie Hamer in 1980 was, or was not, an advancement of Tommy Hamer's portion of the Trust, the grant of summary judgment was inappropriate. We, therefore, reverse the grant of summary judgment.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellees, Gerald Huffman and Dorothy Jean Riley Hale.

_____
D. MICHAEL SWINEY, JUDGE